# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41041

| | | |
|---|---|---|
| FRANKLIN BUILDING SUPPLY COMPANY, INC., | ) ) ) | |
| Plaintiff-Respondent, | ) ) | Burley, November 2014 Term |
| v. | ) ) | 2014 Opinion No. 123 |
| AARON MICHAEL HYMAS, | ) ) | Filed: November 28, 2014 |
| Defendant-Appellant. | ) ) ) | Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The judgment is affirmed.

Robinson & Tribe, Rupert, for appellant. Brent T. Robinson argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for respondent. Samuel A. Diddle argued.

_____

J. JONES, Justice

Franklin Building Supply Co., Inc. ("FBS") filed suit against Aaron Michael Hymas to recover money owed on an open account for construction supplies, equipment, and labor supplied to Crestwood Construction, Inc. FBS claims that Hymas guaranteed any unpaid balance on Crestwood's account. The district court granted FBS's motion for summary judgment. Shortly thereafter, the district court permitted FBS to correct an error in an affidavit submitted in support of summary judgment regarding the amount of interest owed on the outstanding balance. Hymas twice moved the court to reconsider its order granting summary judgment and the district court denied both motions. He timely appealed.

## I.
## FACTUAL AND PROCEDURAL HISTORY

In October of 2011, FBS filed a complaint against Hymas for breach of contract and moved for summary judgment just over a year later. It supported its motion with an affidavit

1

from Richard C. Pietrucci, FBS's corporate credit manager. According to Pietrucci, Hymas applied for credit at FBS on behalf of Crestwood Construction, Inc., ("Crestwood") in his capacity as an officer of Crestwood. Because FBS required a personal guaranty before it would extend credit to corporations, Hymas signed a continuing personal guaranty of Crestwood's open account. FBS's suit was an attempt to collect the balance of Crestwood's open account—including interest—from Hymas under the terms of the guaranty agreement.

Pietrucci's affidavit included three attachments. First, it attached the credit application dated June 22, 2004. The application, signed by Hymas and Justin Walker in their capacities as officers of Crestwood, provides in part that "the undersigned guarantors personally, jointly, severally and unconditionally guarantee payment to Franklin Building Supply for any and all indebtedness of purchaser now or hereafter owing, including all costs, fees and expenses of collection," that "[p]ast due invoices accrue finance charges at the rate of 1.5% per month (18% per annum)," and that three individuals—Chris Georgeson, Crestwood's lead superintendent, Justin Walker, and Hymas—are the only individuals empowered to authorize purchases on the account. The second attachment was a separate, continuing guaranty of Crestwood's open account, signed by Hymas and Justin Walker on June 29, 2004. The third attachment was a customer transaction report for charges and credits to Crestwood's account. The report shows a balance of $671,667.50 for charges almost entirely in the first half of 2007. The report attributes the invoices to Crestwood, but does not indicate who authorized or received the orders.

Hymas made three arguments in opposition to summary judgment. First, he argued that because the invoices were dated from July 2007 or earlier, FBS was barred from suing to collect the debt by the four-year statute of limitations in Idaho Code section 5-217, governing actions on oral contracts. Second, he argued that Pietrucci's affidavit and the attached customer transaction report do not show that the charges were authorized by one of the three individuals empowered to authorize charges on Crestwood's account and, absent such a showing, summary judgment would be inappropriate. Third, Hymas requested that he be permitted to take the deposition of Pietrucci and complained that FBS had not responded to his discovery requests. In particular, Hymas complained that it would be impossible to determine whether the charges were properly authorized without the actual invoices associated with those charges, as opposed to the summary of invoices provided with the Pietrucci affidavit. Hymas did not oppose summary judgment with any admissible evidence.

The district court granted FBS's motion for summary judgment. It held that any failures with respect to discovery prior to the summary judgment hearing should have been addressed via a motion under I.R.C.P. 56(f), properly supported by an affidavit, to continue the hearing pending further discovery. Hymas did not make such a motion. Second, the court held that the case was not barred by the four-year statute of limitations because the relevant contract is the written guaranty and the five-year statute of limitations in Idaho Code section 5-216 applies to written contracts. Finally, the court held that FBS provided evidence sufficient to support its claim for breach of contract, shifting the burden to Hymas to present admissible evidence establishing the existence of a material question of fact, and Hymas did not meet that burden.

Roughly a week later, FBS filed a "Motion to Correct Calculation of Amount Claimed Owed Plaintiff." Pietrucci's affidavit in support of summary judgment stated that "[a]s of October 31, 2012, the reasonable value of the labor and materials supplied to Crestwood . . . is $671,667.05, inclusive of interest, plus attorneys' fees and costs." According to FBS, that sentence should have included the date "January 27, 2011," rather than "October 31, 2012." Or, alternatively, the sentence should have included the word "exclusive" rather than "inclusive." The amount FBS claimed was actually owed as of January 17, 2013, with interest, was $934,332.44. The district court granted FBS's motion to correct the amount owed, finding that the mistaken calculation was simply "a clerical error" and "should have been the higher number."

Hymas responded with a motion asking the court to reconsider its ruling on summary judgment. He argued that, though FBS's invoices include the name of at least one of the three individuals empowered to authorize purchases for Crestwood, those invoices are not signed. Because they are not signed, Hymas argued that there was insufficient evidence that the orders in question were properly authorized under the credit agreement or that the goods and services were in fact supplied to Crestwood. The motion states that Crestwood "had many issues with framers and other subcontractors calling plaintiff, Franklin Building Supply, and ordering products for Crestwood's job sites." Hymas also argued that "the only showing of an interest rate is in the credit application and it is so small that it cannot be read and it almost requires a magnifying glass to do so." Presumably because of the size of the font in the credit agreement, Hymas claimed that the statutory interest rate of 12%—set out in Idaho Code section 28-22-104(1)(6), governing contracts that do not explicitly address interest—should apply to any balance owed by

Crestwood. The motion was supported by an affidavit from Hymas stating that Crestwood had issues with subcontractors making orders from FBS that had not been authorized by any of the three individuals empowered to do so.

In his reply memorandum in support of reconsideration, Hymas asserted an additional argument for the first time. Hymas claimed that Crestwood Construction, Inc., was dissolved in 2005 and, in the same year, Crestwood, Inc.—d/b/a Crestwood Construction, Inc.—was formed. According to Hymas, the entity that was ordering materials during 2007 was not the entity for which Hymas guarantied its open account with FBS. In support of this new argument, Hymas attached articles of dissolution and incorporation to his reply memorandum. He also attached several "sample" invoices from FBS to support his claim that the invoices were not signed.

The district court refused to consider Hymas' argument regarding the corporate status of Crestwood because that argument was raised for the first time in his reply memorandum and refused to consider the materials attached to Hymas' reply memorandum because those materials were not attached to an affidavit and properly submitted under oath. It denied Hymas' motion for reconsideration, holding again that FBS presented evidence sufficient to support its breach of contract claim and that Hymas failed to present evidence to establish the existence of a material dispute of fact. According to the court, Hymas' affidavit in support of reconsideration asserted "the mere possibility" that some of the purchases for which FBS is attempting to collect were made by unauthorized purchasers. Because such claims are "conclusory and speculative," the court held that they failed to satisfy Hymas' burden. The court also rejected Hymas' claim that the provision in the credit agreement governing interest was ineffective due to the small font size, noting that Hymas failed to support that claim with any argument or authority. The court entered judgment for FBS on April 8, 2013, in the amount of $961,162.07.

Hymas subsequently filed an additional motion for reconsideration on April 19, 2013.[1] An affidavit from Hymas—including as attachments the articles of dissolution and incorporation and sample invoices from FBS that had been attached to Hymas' reply memorandum in support of his first motion for reconsideration—was filed by Hymas and received by the court on April 30, 2013.[2] The motion asked the court to set aside the order granting summary judgment. The

---

[1] As a result of a filing error on the part of the district court, the motion was not properly entered into the record until May 17, 2013.

[2] Hymas filed an affidavit earlier, on April 26th, but failed to attach the articles of dissolution and incorporation.

4

sole argument offered in support of the motion was that Crestwood Construction, Inc., was dissolved in 2005. Because he guarantied payment of an open account in the name of Crestwood Construction, Inc., and that entity dissolved prior to the purchases at issue in this action, Hymas argued that there is a material question of fact regarding his obligation under the guaranty agreement.

The district court denied Hymas' second motion to reconsider on the ground that the motion, as a "motion to reconsider a motion to reconsider," was procedurally improper. In addition, the court emphasized that Hymas had multiple opportunities to present his argument regarding the dissolution of Crestwood Construction, Inc., but failed to take advantage of those opportunities.

Hymas timely appealed, challenging the summary judgment order in favor of FBS, the court's decision to permit FBS to correct its error regarding the amount of interest owed, and the denial of his motions for reconsideration.

## II.
## ISSUES ON APPEAL

1. Whether the district court erred when it granted Franklin Building Supply's motion for summary judgment.
2. Whether the district court erred when it permitted Franklin Building Supply to correct its calculation of the interest owed by Hymas.
3. Whether the district court erred when it denied Hymas' first motion for reconsideration.
4. Whether the district court erred when it denied Hymas' second motion for reconsideration.
5. Whether either party is entitled to attorney fees on appeal.

## III.
## ANALYSIS

### A. Standard of Review

This Court reviews an order granting summary judgment under the same standard employed by the district court. *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the

nonmoving party to show the existence of a genuine issue of material fact." *Chandler v. Hayden*, 147 Idaho 765, 769, 215 P.3d 485, 489 (2009). The nonmoving party must meet this burden by coming "forward with evidence by way of affidavit or otherwise that contradicts the evidence submitted by the moving party, and that establishes the existence of a material issue of disputed fact." *Id.* "[A] mere scintilla of evidence or only a slight doubt as to the facts is insufficient to withstand summary judgment." *Corbridge v. Clark Equip. Co.*, 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986). The district court evaluates a motion to reconsider an order granting summary judgment by employing the summary judgment standard, and this Court uses that same standard to review the district court's order with respect to such a motion. *Fragnella*, 153 Idaho at 276, 281 P.3d at 113.

**B. The district court did not err when it granted FBS's motion for summary judgment.**

"The elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013). The district court held that FBS provided evidence sufficient to establish each of these elements. Having established a *prima facie* breach of contract claim, the burden shifted to Hymas to present admissible evidence demonstrating the existence of a material question of fact and Hymas failed to meet that burden when he failed to present any admissible evidence on summary judgment.

On appeal, Hymas makes two arguments for the claim that the district court erred in granting summary judgment.[3] First, Hymas argues that FBS failed to make a *prima facie* case because its evidence submitted in support of summary judgment is consistent with the possibility that unauthorized purchases were made on Crestwood's account or that products and services billed on the account were not supplied to Crestwood. Hymas notes that the credit application signed by Hymas provides that only three individuals were empowered to authorize purchases on Crestwood's account. Because the customer transaction report submitted in support of summary judgment attributes all of the orders to Crestwood Construction—without detailing who, in particular, made the orders—Hymas claims that Pietrucci's affidavit does not establish the

---

[3] Though Hymas asserted a statute of limitations defense at the summary judgment stage, he has abandoned that argument on appeal. In his opening brief, Hymas concedes that "the transaction in question was, in fact, not barred by the Statute of Limitations."

6

amount owed under the guaranty contract for purposes of summary judgment.[4]  Without signed invoices as evidence that the purchases were properly authorized and delivered, Hymas claims that there was insufficient evidence to support summary judgment.

Hymas is mistaken. The district court properly held that while an invoice by invoice investigation of the charges to Crestwood's account "would be one way of proving the debt, . . . it's not the only way." The summary judgment record consisted entirely of Pietrucci's affidavit, its attachments, and the pleadings. Because only authorized parties were empowered to charge on the account, the existence of the charges on the account summary is evidence that the charges were properly authorized. That evidence is unquestionably defeasible. Hymas could have—but did not—present evidence that the account summary was inaccurate or that it included unauthorized charges. Instead, as the district court noted, he merely "complain[ed] that . . . [the account statement was] [un]reliable," but did not "show why." The summary judgment record supports the district court's conclusion that the amount reflected in the account summary is the amount Hymas owed under the terms of the guaranty agreement. With no evidence in the record to create a material question of fact regarding the amount owed under the guaranty contract, the district court properly granted summary judgment in favor of FBS.

Next, Hymas argues that the district court should have permitted him an opportunity to depose Pietrucci prior to granting FBS's motion for summary judgment. Hymas requested an opportunity to depose Pietrucci in his opposition to FBS's motion. I.R.C.P. 56(f) permits a party to move for a continuance to secure affidavits, take depositions, or conduct additional discovery "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." The rule clearly contemplates that such a motion must be supported with an affidavit stating the reasons why the continuance is necessary. *See Golay v. Loomis*, 118 Idaho 387, 391, 797 P.2d 95, 99 (1990) (holding that a district court did not err when it failed to grant a continuance to a party who presented "neither a motion for a continuance nor an affidavit necessary to support such a motion"). Though Hymas cited Rule 56(f) in his opposition to summary judgment, he did not file

---

[4] Notably, Hymas did not move to exclude Pietrucci's affidavit for lack of foundation under I.R.C.P. 56(e). Though Hymas mentioned Rule 56(e), his only objection to the affidavit was to its sufficiency as evidence regarding the amount owed on Crestwood's open account. Hymas conceded at oral argument before this Court that he did not object to the foundation of the affidavit. Thus, the question of whether FBS laid a proper foundation for admission of the affidavit and its attachments is not before the Court.

7

a motion under Rule 56(f) and did not support such a motion with an affidavit. Because Hymas "did not ask the district court for a continuance under Rule 56(f) of the Idaho Rules of Civil Procedure, . . . it is therefore too late to assert that he needed more time to respond to the Defendant's motion for summary judgment." *Stapleton v. Jack Cushman Drilling & Pump Co. Inc.*, 153 Idaho 735, 742, 291 P.3d 418, 425 (2012).

### C. The district court did not err when it granted FBS's motion to correct its claim regarding the interest owed under the guaranty agreement.

Pietrucci's affidavit stated that as of October 1, 2012, the amount owed on Crestwood's open account was "$671,667.05, inclusive of interest, plus attorneys' fees and costs." Roughly a week after the district court granted summary judgment in its favor, FBS moved the court to correct the calculation of the amount owed under the guaranty agreement because the affidavit contained a clerical error and should have included the date "January 27, 2011," rather than "October 1, 2012." Alternatively, FBS claims that the affidavit should have included the word "exclusive" rather than "inclusive." In either event, the effect of the change is to award FBS interest that accrued after the complaint was filed, interest to which FBS claims it is entitled under the terms of the credit agreement and that it requested in its complaint. FBS supported its motion with another affidavit calculating the additional interest and stating that the amount owed as of January 17, 2013, inclusive of interest, was $934,332.44. After hearing arguments concerning the motion, the district court permitted FBS to correct the affidavit because the amount claimed in the initial affidavit represented "a clerical oversight."

Though Hymas claims that the district court's decision was in error, he does not say where the error lies. Hymas simply claims that "it was improper" for the court to permit FBS to correct the amount it claimed after granting summary judgment based on Pietrucci's affidavit, but does not expand on his view that the court acted improperly. "This court will not consider assignments of error if the party fails to include either argument or citation of authority in the brief." *Schofield v. Idaho Falls Latter Day Saints Hosp.*, 90 Idaho 186, 192, 409 P.2d 107, 108 (1965).

### D. The district court did not err in denying Hymas' first motion for reconsideration.

Hymas' first motion for reconsideration involved several arguments, supported by an affidavit from Hymas. His principal argument repeats the claim made in opposition to summary judgment that, because FBS could not show that charges to Crestwood's open account were

8

properly authorized or that products and services were supplied to Crestwood, FBS did not establish the amount owed under the terms of the guaranty agreement for purposes of summary judgment. This time, Hymas referenced FBS's invoices, claiming that it is impossible to determine whether the purchases were properly authorized on Crestwood's account or delivered to Crestwood construction projects because the invoices were not signed. In addition, Hymas attempted to establish the existence of a material question of fact regarding the amount Hymas might owe under the guaranty agreement by claiming, for the first time, that Crestwood had difficulties with unauthorized purchases on its open account. Hymas included an affidavit in which he claimed that "Crestwood Construction, Inc., . . . had many issues with framers and other subcontractors calling . . . [FBS] and ordering products for Crestwood's job sites," though they were not authorized to do so. Next, Hymas argued that the contractual provision governing interest on past due amounts was written in font that was too small and the provision was therefore ineffective. Finally, in his reply memorandum in support of his motion, Hymas argued for the first time that Crestwood Construction, Inc., dissolved prior to the purchases at issue in this case.

The district court properly rejected each of these arguments. In granting summary judgment for FBS, the court held that FBS provided evidence sufficient for summary judgment with respect to the amount owed under the guaranty agreement. FBS did so, according to the court, by virtue of Pietrucci's testimony and the attached customer transaction report. The fact that the invoices are not signed does not provide evidence that the account summary is inaccurate, that any purchases were unauthorized, or that products and services were not supplied to Crestwood. Because the district court properly determined that FBS made an adequate showing at the summary judgment stage without introducing the invoices into the record, that same record, now including the unsigned invoices, also supports the district court's conclusion that the charges were properly authorized and the products and services were delivered to Crestwood. Whether the invoices were signed or unsigned, the district court properly concluded based upon the account summary, coupled with the fact that only certain parties were authorized to make purchases on the account, that the purchases were authorized and the products and services were delivered to Crestwood.

The district court likewise properly rejected Hymas' attempt to establish the existence of a material question of fact regarding the amount he might owe under the guaranty agreement by

9

claiming that Crestwood previously had difficulties with unauthorized purchases. Hymas' bare assertion that unauthorized purchases were previously made on Crestwood's account is not sufficient to establish the existence of a material question of fact. The district court found that Hymas' affidavit was conclusory and speculative, and relied on the mere possibility that Crestwood's balance included unauthorized purchases. Though in possession of FBS's invoices and customer transaction report, Hymas did not point to any particular invoice as reflecting an unauthorized purchase, provide evidence that anyone at Crestwood ever complained to FBS of unauthorized purchases, provide evidence that anyone at Crestwood ever returned supplies purchased from FBS because a purchase was not properly authorized, or provide evidence that anyone at Crestwood ever complained to FBS that products and services had not been properly delivered to Crestwood. "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact." *Cantwell v. City of Boise*, 146 Idaho 127, 133, 191 P.3d 205, 211 (2008).

With respect to the interest allegedly owed under the credit agreement, Hymas argued that "the only showing of an interest rate is in the credit application and it is so small that it cannot be read and it almost requires a magnifying glass to do so." Because of the small font size, claims Hymas, if FBS is entitled to recover some principal amount, it is entitled to recover interest only at the 12% per annum rate provided by Idaho Code section 28-22-104(1)(6), governing contracts that do not expressly address interest. In rejecting this argument, the district court noted that, regardless of the font size, Hymas does not claim in his affidavit that he was unaware of the language governing interest at the time he signed the credit agreement. Hymas also cited no authority for the proposition that the font size would render the provision governing interest ineffective. On appeal, Hymas appears to have abandoned this argument. Though he claims that interest should be added to any principal amount he owes "only at the contract rate of 12% and not 18%," his briefing to this Court does not discuss the size of the font in the credit agreement or the manner in which the font size might affect the enforceability of the provision. Where an issue "is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

Finally, in his reply memorandum in support of his motion for reconsideration, Hymas argued for the first time that Crestwood Construction, Inc., dissolved in February of 2005,

10

roughly eight months after the credit agreement was signed. About the same time, Crestwood, Inc.—d/b/a Crestwood Construction, Inc.—was formed.[5] So, Hymas argued, FBS is attempting to recoup payment for supplies and services provided in 2007 to Crestwood, Inc., and not to Crestwood Construction, Inc., the entity whose open account Hymas guarantied. Hymas supported this argument with articles of dissolution and incorporation attached to his reply memorandum. The district court properly rejected this argument for two reasons. First, Hymas raised the argument for the first time in his reply memorandum in support of his motion for reconsideration. Second, the documents were not properly part of the evidentiary record on summary judgment because they were attached to the reply memorandum, not submitted with Hymas' motion and attached to a sworn affidavit.

This Court will not consider arguments that were raised for the first time in an appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). That rule is justified, in part, by a concern that the respondent should have an opportunity in briefing to address arguments raised by the appellant. *Id.* Similar concerns suggest that a district court has the discretion to disregard arguments raised for the first time in a reply memorandum. Where a movant raises an argument for the first time in a reply memorandum, the party opposing the motion has no opportunity to address the argument in writing. In addition, I.R.C.P. 7(b)(1) requires that a motion should "state with particularity the grounds" on which the court should grant the motion. Where wholly new arguments in support of a motion are offered in a reply memorandum, the motion itself does not state with particularity the grounds for granting the motion. In such a case, the district court may exercise its discretion to disregard the arguments.[6]

---

[5] Documents attached to the reply memorandum indicate that articles for dissolution for Crestwood Construction, Inc., were filed with the Secretary of State on February 11, 2005. The document indicates the dissolution was effective on 12-31-04. Also on February 11, articles of incorporation for Crestwood, Inc., were filed with the Secretary of State. On April 6, 2005, a certificate of assumed business name was filed with the Secretary of State for Crestwood, Inc., indicating the company was using the assumed business name of Crestwood Construction, Inc. There is no explanation in the record as to what brought about these changes. To dissolve a corporation and to then have a successor corporation assume the dissolved corporation's name as an assumed business name presents somewhat troublesome implications, such as that the moves were accomplished to affect the validity of personal guaranties of the dissolved corporation's obligations. Whatever the motivation may have been, it is of no import to the outcome of this appeal.

[6] It would be hard to fault the district court for exercising its discretion to decline to consider an argument first raised in the reply brief in support of a motion for reconsideration. Even in such a situation, however, the affected party still has the ability to file an additional timely motion for reconsideration under I.R.C.P. 11(a)(2)(B) in order to bring to the court's attention new evidence, arguments and authorities.

In addition, the argument is unsupported by any evidence in the summary judgment record. Because Hymas moved the district court to reconsider its order granting summary judgment in favor of FBS, the summary judgment standard applied to the district court's evaluation of that motion. *Fragnella*, 153 Idaho at 276, 281 P.3d at 113. That standard requires the trial court to look to the summary judgment record—"the pleadings, depositions, and admissions on file, together with the affidavits, if any"—to determine whether there is a genuine issue as to any material fact. I.R.C.P. 56(c). "[I]tems offered in support of or opposition to a motion for summary judgment must be attached to the party's affidavit verifying the items' authenticity." *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 820, 979 P.2d 1174, 1178 (1999). Because Hymas did not attach the articles of dissolution and incorporation to a sworn affidavit, they were not part of the summary judgment record and the district court properly rejected an argument unsupported by evidence in the record.

**E. The district court did not err when it denied Hymas' second motion for reconsideration.**

The district court entered judgment against Hymas on April 8, 2013. Hymas filed a second motion for reconsideration under I.R.C.P. 11(a)(2)(B) on April 19. The motion focuses exclusively on Hymas' argument regarding the distinction between Crestwood Construction, Inc., and Crestwood, Inc. On April 30, Hymas filed an affidavit in support of his motion that included as attachments the articles of dissolution and incorporation.

The district court denied Hymas' motion as procedurally improper. I.R.C.P. 11(a)(2)(B) permits a party to move the court to reconsider an interlocutory order—no matter when the interlocutory order was issued—up to fourteen days after the entry of final judgment. The Rule also permits a party to move the court to reconsider an order made after the entry of final judgment, but only if the motion is made within fourteen days from the time the order was issued. In holding that Hymas' motion was procedurally improper, the district court was apparently concerned that if a party could make a motion for reconsideration of the denial of a motion for reconsideration, a party could move the court to reconsider an order denying a motion to reconsider, where the latter motion was made after the entry of final judgment, so long as the party did so within fourteen days of the order. In that event, a party could keep a case perpetually alive in the district court by filing an endless series of motions to reconsider orders denying motions to reconsider.

The district court's reasoning was in error. There is nothing procedurally improper with a motion for reconsideration of an order denying a motion for reconsideration. A motion for reconsideration of "*any interlocutory orders* of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of final judgment" and "[a] motion for reconsideration of *any order of the trial court made after entry of final judgment* may be filed within fourteen (14) days from the entry of such order . . . ." I.R.C.P. 11(a)(2)(B) (emphasis added). The clear language of the rule permits a party to make a motion for reconsideration of an order denying a motion for reconsideration. *See Agrisource, Inc. v. Johnson*, 156 Idaho 903, 912, 332 P.3d 815, 824 (2014) (noting that the district court's order denying a motion for reconsideration was an interlocutory order that a party could move the court to reconsider). In *Agrisource, Inc. v. Johnson*, an opinion issued after the district court's decision, this Court squarely addressed the district court's concern that a party in Hymas' position could use the rule to file an endless series of motions for reconsideration. Because "a motion to reconsider the denial of a motion to reconsider is still asking the court to reconsider the underlying interlocutory order," a motion to reconsider an order denying a motion to reconsider an order granting summary judgment is a motion for reconsideration of the order granting summary judgment. *Id.* at 824–25. The district court's order granting summary judgment was an interlocutory order. So, where the underlying order is a summary judgment order, I.R.C.P. 11(a)(2)(B) requires that any motion asking the court to reconsider an order denying a motion for reconsideration—no matter how many motions for reconsideration preceded it—must be made within fourteen days of the entry of final judgment. Hymas filed his motion within fourteen days of the entry of final judgment.

Though the district court erred in denying Hymas' motion for the reason that it did, it nevertheless properly denied the motion. "[I]t is well established that this Court will use the correct legal theory to affirm the correct decision of a district court even when it is based on an erroneous legal theory." *J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 853, 820 P.2d 1206, 1210 (1991).

While Hymas timely filed his motion for reconsideration, he did not timely file his affidavit in support of that motion. Hymas filed his motion on April 19. He filed an affidavit with evidence in support of his motion on April 30, twenty-two days after the entry of final

13

judgment.[7] I.R.C.P. 7(b)(3)(B) requires that "[w]hen a motion is supported by affidavit(s), the affidavit(s) shall be served with the motion . . . ." Hymas failed to do so and the district court could properly have refused to consider the affidavit for that reason. *See Jensen v. State*, 139 Idaho 57, 64, 72 P.3d 897, 904 (2003) (holding that a district court properly refused to consider affidavits submitted in support of, but not with, a motion for reconsideration). In addition, the affidavits were not submitted in the time for filing of the motion. Hymas had fourteen days to file his motion. Though he filed his motion within fourteen days of the entry of final judgment, he did not support his motion within that period. A party cannot sidestep the requirement to file a motion within a certain period by filing an unsupported motion and promising support down the road. *See Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 248, 245 P.3d 992, 1000 (2010) (holding that motions for a new trial were untimely where the movant filed the motions within the fourteen-day period dictated by the rule, but did not provide factual support for the motions until after the period expired, "[b]ecause there was no factual support filed in support of these motions within the fourteen-day period prescribed by the rule"). Rule 11(a)(2)(B) does not require that a movant support a motion for reconsideration with an affidavit. A movant who does so, however, must serve the affidavit with the motion and within the period of time for filing of the motion.

The district court might, in its discretion, have permitted Hymas to file an untimely affidavit had he requested leave to do so. *See Cumis Ins. Soc'y, Inc. v. Massey*, 155 Idaho 942, 946, 318 P.3d 932, 936 (2014) (noting that a district court's decision to accept an untimely affidavit is reviewed for an abuse of discretion). Hymas did not request leave to do so. Further, the district court clearly indicated that it would not have exercised such discretion had Hymas requested leave. The court repeatedly noted that Hymas had multiple opportunities to present his evidence regarding the dissolution of Crestwood Construction, Inc., and that nothing prevented him from doing so, yet he failed to take advantage of those opportunities.

Because Hymas failed to serve his affidavit with his motion and within the time required by Rule 11(a)(2)(B), the motion was without any factual support in the record. The district court properly denied the motion, though for the wrong reason.

**F. FBS is entitled to attorney fees on appeal.**

---

[7] Even the initial affidavit filed by Hymas, which did not include the articles of incorporation and dissolution as attachments, was filed eighteen days after the entry of final judgment on April 26.

FBS claims to be entitled to attorney fees on appeal based upon the terms of the guaranty contract and Idaho Code sections 12-120(3) and 12-121. Hymas also requests fees on appeal. Because Hymas is not the prevailing party, he is not entitled to fees on appeal.

The clear terms of the guaranty agreement provide that Hymas will "pay . . . any and all collection fees and attorney fees we [FBS] incur in collecting past due sums . . . ." Contractual terms providing for recovery of attorney fees "are generally honored in Idaho." *Zenner v. Holcomb*, 147 Idaho 444, 452, 210 P.3d 552, 560 (2009) (awarding attorneys' fees and costs on appeal under the terms of a contract providing that litigation fees involved in the enforcement of the contract will be paid by the prevailing party). FBS is entitled to fees and we award them under the guaranty agreement. As a result, we need not consider application of the cited statutes.

## IV.
## CONCLUSION

The judgment of the district court is affirmed. FBS is awarded its costs and fees on appeal.


Chief Justice BURDICK, Justices EISMANN, HORTON and Justice Pro Tem WALTERS CONCUR.