# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42592-2014

FAGEN, INC.,

    Plaintiff-Respondent,

v.

LAVA BEDS WIND PARK, LLC, an Idaho limited liability company; and EXERGY DEVELOPMENT GROUP OF IDAHO, LLC, an Idaho limited liability company;

    Defendants-Appellants,

and

XRG DEVELOPMENT  PARTNERS, LLC, an Idaho limited liability company, and TABOR WIND FARMS, LLC, an Idaho limited liability company,

    Defendants.

Boise, January 2016 Term

2016 Opinion No. 7

Filed: January 26, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Bingham County.  Hon. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Angelo L. Rosa, Marsh Rosa LLP, Boise argued for appellants.

John R. Goodell, Racine, Olsen, Nye, Budge & Bailey, Chtd., Boise argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Bingham County from the denial of the Appellants' motion to continue a hearing on the Respondent's motion for summary judgment and from the denial of Appellants' motion to reconsider the grant of the Respondent's motion for summary judgment. We affirm.

# I.
## Factual Background.

On February 8, 2013, Fagen, Inc. ("Plaintiff"), filed this lawsuit seeking to recover damages for work it had done in the construction of a wind park located in Bingham County. It named as defendants Lava Beds Wind Park, LLC ("Lava Beds"); Exergy Development Group of Idaho, LLC ("Exergy Development"); and XRG Development Partners, LLC ("XRG") (collectively "Defendants"); and Tabor Wind Farms, LLC ("Tabor"). On December 9, 2013, the district court entered an order dismissing Plaintiff's claims against Tabor pursuant to a stipulation of those parties. On December 9, 2013, Plaintiff filed an amended complaint against all of the Defendants alleging causes of action to foreclose a mechanic's lien, to recover damages for breach of contract, and to recover damages in quantum meruit.[1]

On June 27, 2014, Plaintiff moved for summary judgment seeking a judgment against Lava Beds and Exergy Development in the sum of $848,183.42 for breach of contract. In opposition to that motion, Defendants filed two affidavits, which merely contained vague and conclusory allegations. One was the affidavit of James T. Carkulis, who alleged:

> 12. Fagen structured the schedule of services to be tendered over a longer period of time than is typical for such a project. This modification was abused by Fagen in that the work undertaken was repetitive, arbitrary, and compulsory activities that became abusive of the parties' intent. The Defendants' [sic] also contest the amount due for the services rendered by Fagen with respect to the Project Site. These issues will be presented to the Court in depth in the Defendants' response to Fagen's recently filed Motion for Summary Judgment.

Mr. Carkulis did not state any facts supporting the conclusory allegations in his affidavit.

The other affidavit was of Dustin Shively, who alleged:

> 3. . . . Given my knowledge of the project, its timeline, the relevant critical path of development items, and the ultimate end result of Fagen's work, there appears to be a significant discrepancy between the billing tendered by Fagen, Inc. for work on the [contract] and the amount and quality of work undertaken. Further inquiry into this issue is needed in order for the correct amount due (which I understand to be the "damages" sought by Fagen in this matter) to be ascertained.

---

[1] In its amended complaint, Plaintiff included Tabor as a Defendant, even though Plaintiff had stipulated to dismiss its claims against Tabor. The failure to modify the allegations in the amended complaint to omit any reference to Tabor was apparently an oversight.

4. In addition, I am aware that the last few months of Fagen's involvement on the project did not consist of any substantive work or improvements on the land in question. There appears, therefore, to be a discrepancy between the billing records submitted by Fagen in support of its claims, and the true facts of what work was (or was not) undertaken and whether such work did (or did not) constitute compensable work under the terms of the [contract].

5. I am also aware that Fagen structured the schedule of services to be tendered over a longer period of time than is typical for such a project. This modification appears to have been consistent with the work undertaken by Fagen, which were repetitive, arbitrary, and compulsory activities. This will, I believe, affect the true amount due to Fagen for its services under the [contract].

Defendants filed a motion to continue the hearing on Plaintiff's motion for summary judgment. Their counsel, Mr. Rosa, contended that he had been unable to obtain critical depositions regarding Plaintiff's damages and Defendants' affirmative defenses.

On June 27, 2014, Defendants also moved for summary judgment seeking a judgment dismissing Plaintiff's claim for foreclosure of a mechanic's lien and dismissing all of its claims against XRG. Plaintiff did not file anything opposing this motion for summary judgment.

The district court denied Defendants' motion to continue the hearing on summary judgment. During the hearing, Plaintiff stated that it withdrew its claim to foreclose a mechanic's lien and its claims against XRG, which resolved these Defendants' motion for summary judgment. Defense counsel admitted that Lava Beds and Exergy Development had breached their contract with Plaintiff, but he argued that Mr. Shively's affidavit should show that there is a need for further discovery at least as to the issue of damages. The court took the motion for summary judgment under advisement, and on August 20, 2014, the court entered its decision granting Plaintiff's motion. It held that the conclusory affidavits submitted by Defendants were insufficient to create a genuine issue of material fact precluding summary judgment. On the same date, the court entered an order granting Defendants' motion for summary judgment.

On August 20, 2014, the court entered a judgment that: (a) dismissed with prejudice Plaintiff's claims against Tabor; (b) dismissed with prejudice Plaintiff's claims against XRG; (c) dismissed Plaintiff's claim for foreclosure of a mechanic's lien; (d) awarded Plaintiff a judgment in the sum of $848,183.42 against Lava Beds and Exergy Development; and (e) dismissed Plaintiff's claim for quantum meruit as moot.

3

On September 4, 2014, Lava Beds and Exergy Development filed a motion for reconsideration. The stated grounds for the motion were: (a) "Information obtained in the consolidated matters pending in Twin Falls County since entry of the Judgment has revealed information that supports offsets to the amounts claimed by Fagen as damages in this matter" and (b) "Discovery concerning the contract that is at issue in this case is ongoing and proof of offsets should be considered by the Court."

The hearing on the motion for reconsideration was scheduled to be heard on September 30, 2014. Shortly before the commencement of the hearing, Lava Beds and Exergy Development served a rough draft of a portion of a deposition taken of Chuck M. Dickerson in the Twin Falls case of *Fagen, Inc., v. Rogerson Flats Wind Park, LLC* and a copy of Mr. Dickerson's affidavit filed in the Twin Falls case. During the hearing, the district court stated that it had received those documents, but had not had time to read them. It took the motion under advisement, and on November 20, 2014, it entered an order denying the motion. The court reasoned that Lava Beds and Exergy had ample time to produce affidavits in opposition to the motion for summary judgement but failed to do so; therefore they would not be permitted to do so belatedly by a petition for reconsideration. Lava Beds and Exergy Development then timely appealed.

## II.
### Did the District Court Err in Denying the Motion to Continue?

On June 27, 2014, Plaintiff filed five affidavits in support of its motion for summary judgment. The employee in Plaintiff's accounting department attached to her affidavit the seven *Applications and Certificates for Payment* dated December 27, 2011, through July 27, 2012, which she prepared for the Lava Beds Wind Park project. Each application included a description of the work done during the relevant period, the amount owed under the contract for that work, and the balance due. The affiant stated that Plaintiff had received no payment on the amounts set forth in the applications and that she had never received from Lava Beds or Exergy Development any communication, objection, or questioning regarding the amounts set forth in the applications. Plaintiff's Controller averred that she had caused the applications to be mailed to Exergy Development and that Plaintiff had not received any payment on the amounts set forth in the applications. Plaintiff's Project Manager averred that he had reviewed the copies of the

applications attached to the affidavit of the accounting department employee; that "[t]he Applications accurately reflect the scope and timing of the work performed by Fagen or under Fagen's supervision for the Lava Beds Project"; that "[t]he principal amount owed under the Applications is $848,183.42[,which] . . . represents the value of the labor, materials and services supplied by Fagen to the Lava Beds Project"; and that Exergy Development "never complained to me regarding the quality of work or the scope of work [Plaintiff] performed on the Lava Beds Project." Plaintiff's Chief Financial Officer attached to her affidavit the e-mail dated July 30, 2012, in which Exergy Development requested that Plaintiff cease further construction.

Rule 56(f) of the Idaho Rules of Civil Procedure permits a trial court to continue the hearing on a motion for summary judgment if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." "The rule clearly contemplates that such a motion must be supported with an affidavit stating the reasons why the continuance is necessary." *Franklin Bldg. Supply Co. v. Hymas*, 157 Idaho 632, 638, 339 P.3d 357, 363 (2014). The party seeking a continuance "has the burden of setting out 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.'" *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005). In ruling on a motion for a continuance under Rule 56(f), the trial court can consider "the moving party's previous lack of diligence in pursuing discovery." *Boise Mode, LLC v. Donahoe Pace & Partners Ltd*., 154 Idaho 99, 106, 294 P.3d 1111, 1118 (2013).

In support of the motion for a continuance, Defendants filed the affidavits of their counsel, Mr. Rosa, and of Mr. Shively, an engineering consultant.

In his affidavit, Mr. Rosa claimed that Plaintiffs had refused to cooperate in scheduling depositions in this case. He stated that he had attempted to obtain "critical discovery in the form of depositions of the corporate representative of Fagen, Inc."; that when he inquired of Mr. Goodell, Plaintiff's Idaho counsel, he was referred to Plaintiff's Minnesota counsel; that there was a case pending in a Minnesota federal district court involving Plaintiff and Exergy Development; that Mr. Rosa was representing Exergy Development in that case; that Plaintiff's Minnesota counsel was obstructive when Mr. Rosa attempted to schedule depositions in this case, in the Twin Falls case, and in the Minnesota case; that until those "critical depositions are taken, there will not be adequate discovery to respond meaningfully to Plaintiff's Motion for

Summary Judgment"; and that as shown by the affidavit of Mr. Shively, "there are substantive issues that need to be explored which bear directly on the quantum of damages Plaintiff has suffered and facts that bear on Defendants' affirmative defenses." To support those assertions, Mr. Rosa attached copies of e-mails that he stated show "the delay is due solely to Plaintiff and its counsel."

The district court found these assertions to be untrue. The first e-mail was sent on May 28, 2014, to Mr. Rosa by Mr. Goodell's paralegal in response to a request to schedule depositions of Mr. Fagen and Plaintiff's personnel. The paralegal stated that Mr. Goodell was out of the office that week but those depositions should be coordinated through Plaintiff's Minnesota counsel. The remaining e-mails were between Mr. Rosa and Plaintiff's Minnesota counsel. The district court found that those e-mails, commencing on June 17, 2014, all dealt with discovery in the Minnesota case, not this case. The court found that there "is no evidence about any obstruction issues, like that are being asserted."

In his affidavit, Mr. Shively stated that he had been employed as an engineer by Exergy Development and was directly involved in the Lava Beds Wind Park project. He stated that "there appears to be a significant discrepancy between the billing tendered by Fagen, Inc. for work on the [contract] and the amount and quality of work undertaken" and that "[f]urther inquiry into this issue is needed in order for the correct amount due (which I understand to be the 'damages' sought by Fagen in this matter) to be ascertained."

In denying the motion, the court noted the lack of diligence in conducting discovery. It stated that the case had been pending for over a year, that no depositions had been taken, that no motion to compel discovery had been filed, and that there was adequate time to conduct discovery. The court also stated that there was a lack of a showing what additional discovery was needed. It read out loud various paragraphs from Mr. Shively's affidavit and concluded that they were "kind of conclusory statements and hypotheses apparently based on some type of information that he already has." The court concluded, "And so I've not been provided with any information that would show that additional discovery is needed in order to contradict the motion for summary judgment."

A motion denying a continuance under Rule 56(f) will be upheld if the court "recognized it had the discretion to deny the motion, articulated the reasons for so doing and exercised reason in making the decision." *Jenkins*, 141 Idaho at 239, 108 P.3d at 386. Although the district court

6

did not expressly state that it had discretion to deny the motion, its articulation of its reasons for denying the motion showed that it knew it had discretion to grant or deny the motion.  It also exercised reason in reaching its decision, consistent with our prior rulings on this issue. Therefore, Lava Beds and Exergy Development have failed to show that the district court abused its discretion in denying the motion to continue.

## III.
### Did the District Court Err in Denying the Motion for Reconsideration?

The first issue to consider is whether the motion for reconsideration was timely.  On August 20, 2014, the district court entered its order granting Plaintiff's motion for summary judgment.  Until the judgment was entered, the order was an interlocutory order subject to reconsideration pursuant to a motion filed under Rule 11(a)(2)(B) of the Idaho Rules of Civil Procedure.  *Puckett v. Verska*, 144 Idaho 161, 166, 158 P.3d 937, 942 (2007).  The court also entered the judgment on August 20, 2014.

A motion for reconsideration of a trial court's interlocutory order "may be *made* at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment."  I.R.C.P. 11(a)(2)(B) (emphasis added).  The issue is when a motion for reconsideration is *made*.  Lava Beds and Exergy Development served their motion for reconsideration fourteen days after the judgment was entered, but they filed their motion fifteen days after the judgment was entered.  If a motion for reconsideration is *made* when it was served, their motion is timely.  If it is *made* when it is filed, their motion was one day late.

This Court has in dicta indicated that the motion for reconsideration must be filed within fourteen days after the entry of judgment, *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 912, 332 P.3d 815, 824 (2014) ("A final judgment triggers the second option under I.R.C.P. 11(a)(2)(B): file a motion to reconsider within fourteen days after the court enters a final judgment."). However, we have never specifically addressed the issue of whether the motion must be served or filed within the fourteen-day period.

Rule 11(a)(2)(B) contains time requirements for two motions for reconsideration.  If the motion is to reconsider an interlocutory order made before the entry of a final judgment, it must be "*made* . . . not later than fourteen (14) days after the entry of the final judgment.")  I.R.C.P. 11(a)(2)(B) (emphasis added).  If the motion is to reconsider an order made after the entry of a

final judgment, it must be "*filed* within fourteen (14) days from the entry of such order." *Id.* (emphasis added). Thus, the rule itself draws a distinction between making a motion and filing a motion. Therefore, we hold that a motion for reconsideration is *made* when it is served, not when it is filed. The motion for reconsideration was timely in this case.

The summary judgment standard applies to a motion to reconsider the granting of a motion for summary judgment. *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). "On a motion for reconsideration, the court must consider any new admissible evidence or authority bearing on the correctness of an interlocutory order." *Id.* The court must first decide whether the new evidence is admissible, *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012), and then, if so, whether it creates a genuine issue of material fact precluding the grant of summary judgment, *Marek v. Lawrence*, 153 Idaho 50, 53, 278 P.3d 920, 923 (2012).

In this case, Lava Beds and Exergy Development filed their motion for reconsideration on September 9, 2014, and then on September 30, 2014, the day of the oral argument on the motion, they served and filed a portion of a rough draft of the deposition of Chuck Peterson taken in the Twin Falls County case of *Fagen, Inc., v. Rogerson Flats Wind Park, LLC, et al.* and a copy of Mr. Peterson's affidavit that was filed in that case. Mr. Peterson was a construction manager for a privately owned construction company involved in the construction of the Lava Beds Wind Farm. The district court apparently did not consider these filings. It denied the motion for reconsideration on the ground that Lava Beds and Exergy Development had ample time to respond to the summary judgment motion, but did not do so, and so they "shall not be allowed to produce belated evidence to overturn the judgment entered in Fagen's favor."

We need not describe the documents filed by Lava Beds and Exergy Development in support of their motion for reconsideration. During oral argument on appeal, Mr. Rosa admitted that they were of no evidentiary value.

The district court was entitled to disregard the documents because they were served on September 30, 2014, forty-one days after the entry of judgment. "When a motion is supported by affidavit(s), the affidavit(s) shall be served with the motion . . . ." I.R.C.P. 7(b)(3)(B). The court could have properly refused to consider the documents because they were not served with the motion for reconsideration. *Franklin Bldg. Supply*, 157 Idaho at 642, 339 P.3d at 367. In addition, any evidentiary documents in support of a motion for reconsideration under Rule

8

11(a)(2)(B) must be served within fourteen days after the entry of the judgment. *Id*. A party cannot sidestep the time limit for serving a motion for reconsideration by serving a placeholder motion and then, after the time period has expired, serving the documents that provide evidentiary support for the motion. *Id*. The district court could have granted permission to serve untimely documents in support of the motion for reconsideration had Lava Beds and Exergy requested an extension of time, *id*., but Lava Beds and Exergy Development did not do so.

Because Lava Beds and Exergy Development failed to serve the documents with the motion for reconsideration within the time required by Rule 11(a)(2)(B), the motion was without any factual support in the record. *Id*. The district court properly denied the motion, though for the wrong reason. *Id*.

## IV.
### Is Plaintiff Entitled to an Award of Attorney Fees on Appeal?

Plaintiff seeks an award of attorney fees on appeal pursuant to the parties' contract and Idaho Code sections 12-120(3) and 12-121. "Section 12-120(3) provides that in an action to recover in a commercial transaction, the prevailing party is entitled to an award of attorney fees." *Hilliard v. Murphy Land Co., LLC*, 158 Idaho 737, 744, 351 P.3d 1195, 1202 (2015). Because this was an action to recover in a commercial transaction, Plaintiff is entitled to an award of attorney fees on appeal.

## V.
### Conclusion.

We affirm the judgment of the district court and we award Respondent costs, including attorney fees, on appeal.

Chief Justice J. JONES, Justices BURDICK, W. JONES, and HORTON **CONCUR.**

9