**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43540**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | ) 2016 Unpublished Opinion No. 717 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 3, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DAVID A. DOUGLAS, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant, | ) BE CITED AS AUTHORITY |
| | ) |
| and | ) |
| | ) |
| TERRY KERR; and BANK OF | ) |
| AMERICA, N.A.; and Does 1-10 as | ) |
| individuals with an interest in the | ) |
| property legally described as: | ) |
| | ) |
| Lot 39, Block 6, Woodbridge at Ivan's | ) |
| Acres, Division No. 1, to the City of Idaho | ) |
| Falls, Bonneville County, Idaho, according | ) |
| to the official plat recorded September 17, | ) |
| 2001, as Instrument No. 1057898. Which | ) |
| may commonly be known as: 2895 | ) |
| Woodbridge Circle, Idaho Falls, ID 83401, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

Order granting summary judgment, affirmed.

David A. Douglas, Sparks, Nevada, pro se appellant.

Akerman, LLP; Robert H. Scott, Salt Lake City, for respondent.

GRATTON, Judge

David A. Douglas appeals from the district court's order granting summary judgment in favor of Nationstar Mortgage LLC (Nationstar). The lawsuit involved an action by Nationstar for judicial foreclosure of Douglas's interest in real property. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Douglas signed a note to obtain a mortgage loan for the purchase of real property. The note required Douglas to make monthly payments until he repaid the loan. The note provided that Douglas's failure to make monthly payments on the loan would put him in default. To secure repayment of the loan, Douglas signed a deed of trust granting legal title in the property to the beneficiary of the deed of trust. The deed of trust allowed the beneficiary to foreclose Douglas's interest in the property upon default. The note and deed of trust provided for reasonable attorney fees upon default. Douglas stopped making payments on the loan and sought to quitclaim his interest in the property to Terry Kerr.

Nationstar, the current beneficiary, initiated this foreclosure action naming Douglas, Kerr, and Bank of America as defendants and alleging Douglas breached the terms of the deed of trust and note by defaulting on the loan. Douglas and Kerr each filed pro se answers that generally denied the allegations in Nationstar's complaint. Douglas also filed a document purporting to remove the case to federal court. Nationstar moved for summary judgment. Kerr responded, asserting a number of claims against various parties and Douglas filed a "declaration in support" of Kerr's response. The district court held a hearing on Nationstar's motion for summary judgment and granted the motion in a written order. Kerr and Douglas filed several claims seeking a homestead exemption on the property. The district court denied the claims. Douglas timely appeals.

## II.

## ANALYSIS

Douglas argues he raised a genuine issue of material fact and makes various other arguments. Nationstar seeks attorney fees.

## A.	Summary Judgment

Douglas asserts he raised a genuine issue of material fact to preclude summary judgment.[1]  On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Idaho Rule of Civil Procedure 56(c).  The movant has the burden of showing that no genuine issues of material fact exist.  *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010).  The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial.  *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994).  Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking.  *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000).  Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f).  *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872,

---

[1]	Douglas also asserts conspiracy, racketeering, breach of contract, intentional infliction of emotional distress, fraud, defamation, conversion, and intentional interference with a prospective economic advantage.  Further, Douglas asserts violations of the Fair Credit Reporting Act, Truth in Lending Act, Fair Debt Collection Practices Act, Racketeer Influenced and Corrupt Organizations Act, anti-tying provisions of the Bank Holding Company Act, and Idaho Consumer Protection Act.  Generally, issues not raised below may not be considered for the first time on appeal.  *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).  Douglas failed to properly raise these issues in the court below.  Kerr raised most of these issues in his response to Nationstar's motion for summary judgment.  Douglas sought to adopt Kerr's response by filing his "declaration in support" of Kerr's response.  However, Douglas could not adopt Kerr's response because both Douglas and Kerr were pro se litigants and Kerr could not argue on Douglas's behalf.  Moreover, Douglas did not verify his declaration under oath as Idaho Rule of Civil Procedure 56 and Idaho Code § 9-1406 require.  *See Tri State Land Co., Inc. v. Roberts*, 131 Idaho 835, 838-39, 965 P.2d 195, 198-99 (Ct. App. 1998).  Thus, none of the issues raised in or ostensibly adopted by the declaration were properly before the district court, and the court appropriately refused to consider them.  Accordingly, we will not consider them for the first time on appeal.

3

874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The elements of a breach of contract claim are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages. *Mosell Equities, LLC v. Berryhill & Co.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013). To avoid summary judgment once the plaintiff meets its burden of establishing these elements, the defendant must present admissible evidence demonstrating the existence of a material question of fact. *Franklin Bldg. Supply Co. v. Hymas*, 157 Idaho 632, 637, 339 P.3d 357, 362 (2014).

As a preliminary matter, we note that Douglas has not supported his arguments on appeal with citations to the record, relevant authority, cogent thought, or relevant argument. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Although Douglas's failures in briefing warrant summary affirmance of the district court's decision, we address whether Douglas raised a genuine issue of material fact and several other issues Douglas raised in the district court and on appeal.

Douglas did not raise a genuine issue of material fact. Nationstar filed a complaint stating it was the current beneficiary of Douglas's deed of trust, alleging Douglas defaulted on the loan by failing to make monthly payments and providing the amount Douglas owed. Nationstar attached supporting documentation to its complaint. Thus, Nationstar met its burden of establishing Douglas breached the terms of the deed of trust and note by defaulting on the loan. Douglas answered and generally denied the allegations in the complaint. Douglas's answer did not contest his obligation and default on the loan. Nationstar moved for summary judgment asserting Douglas's answer did not raise a genuine issue of material fact notwithstanding the general denials therein. Kerr responded, asserting a number of claims against various parties, and Douglas filed a "declaration in support" of Kerr's response. However, Douglas's declaration did not contest his obligation and default on the loan.[2] Because neither Douglas's answer nor his declaration contested his obligation and default on the loan,

---

[2] As discussed in the prior footnote, Douglas's declaration also did not adopt the arguments in Kerr's response.

4

Douglas failed to raise a genuine issue of material fact regarding his default on the loan and breach of the deed of trust and note. Accordingly, the district court properly granted Nationstar's motion for summary judgment.

Douglas asserts he was insufficiently served. Douglas also made this argument in his answer. However, Douglas's argument fails as a matter of law. At the time Douglas filed his answer, I.R.C.P. 12(g)(1) provided that "a defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived unless it is made by motion prior to filing a responsive pleading . . . ." I.R.C.P. 12(g)(1) [2015 (amended 2016)]. Thus, Douglas waived his insufficient service argument by failing to assert it in a motion prior to filing his answer.

Douglas also asserts the deed of trust was not erroneously re-conveyed. He also made this argument in his answer. In its order granting summary judgment in favor of Nationstar, the district court stated:

> Neither Douglas nor Kerr offer any evidence to contradict or affirm Nationstar's "erroneous reconveyance" allegation or to link this matter to any kind of defense to Douglas's liability on the Note. Since the "erroneous reconveyance," if any, has no apparent bearing upon Nationstar's ability to foreclose upon the Property, the matter will not be considered further . . . .

We agree. The erroneous re-conveyance, or lack thereof, does not affect Douglas's obligation and default on the loan or Nationstar's right to foreclose. Thus, we refuse to consider it further.

Douglas next asserts he was entitled to a homestead exemption on the property. After the district court granted Nationstar's motion for summary judgment, Kerr and Douglas filed several claims seeking a homestead exemption on the property, but the district court denied the claims. Douglas did not include in the record on appeal his homestead exemption claims, Nationstar's motions to strike the claims, the transcripts from the hearings on the claims, or the district court's orders denying the claims. Portions of the record missing on appeal are presumed to support the actions of the district court. *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 848, 275 P.3d 857, 863 (2012). Thus, we presume the portions of the record that Douglas omitted on appeal support the district court's denials of Douglas's homestead exemption claims.

Finally, Douglas argues he removed this case to federal court. Douglas filed a document purporting to remove this case to federal court. In its order granting summary judgment in favor of Nationstar, the district court stated: "Douglas offers no evidence that he ever filed his removal motion with the Federal District Court. Without some evidence that Douglas properly

5

removed this lawsuit to Federal Court, this Court retains jurisdiction over the matter and must proceed." We agree. Douglas never properly removed this case to federal court. Douglas did not file a petition for removal in federal court and did not pay the appropriate fee for removal. Thus, Douglas's argument that he removed this case to federal court fails.

**B.      Attorney Fees**

Nationstar seeks attorney fees pursuant to Idaho Code § 12-121 and the terms of the note and deed of trust. An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Moreover, an award of attorney fees is allowed pursuant to an express agreement of the parties. *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 510, 337 P.3d 655, 669 (2014).

We need not address the claim for attorney fees under I.C. § 12-121. The terms of the note provide for attorney fees pursued in enforcing the note. Further, the terms of the deed of trust provide for attorney fees "for services performed in connection with [Douglas's] default for the purpose of protecting [Nationstar's] interest in the Property and rights under [the deed of trust]." Thus, attorney fees in favor of Nationstar are appropriate in this case.

### III.

### CONCLUSION

Douglas did not raise a genuine issue of material fact and his other arguments are without merit. Accordingly, we affirm the judgment for Nationstar and award attorney fees and costs to Nationstar.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

6