IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48168

| | |
|---|---|
| DAVID J. LUJAN, | ) |
| | ) Filed: August 11, 2021 |
| Plaintiff-Appellant-<br>Cross Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JUNIOR LARRY HILLBROOM, | ) BE CITED AS AUTHORITY |
| Individually and as the Trustee of the JLH | ) |
| Trust, aka Junior Larry Hillbroom Trust, | ) |
| | ) |
| Defendants-Respondents-<br>Cross Appellants, | ) |
| | ) |
| And | ) |
| | ) |
| KEITH A. WAIBEL, individually, and | ) |
| as Trustee of the JLH Trust, aka | ) |
| Junior Larry Hillbroom Trust; JOHN | ) |
| DOES 1-10, individuals; and entities | ) |
| presently unknown, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment dismissing complaint, affirmed.

Bistline Law, PLLC, Coeur d'Alene, for appellant-cross respondent. Arthur A. Bistline argued.

Berg, McLaughlin & Nelson, Chtd., Sandpoint, for respondents-cross appellants. Josh Hickey argued.

_____

LORELLO, Judge

David J. Lujan appeals from a judgment dismissing his complaint in an action seeking, among other things, to void a property transfer under the Uniform Voidable Transfer Act

1

(UVTA). Junior Larry Hillbroom, in his individual capacity and in his capacity as a trustee of the JLH Trust, cross-appeals from a denial of his request for attorney fees. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The JLH Trust was formed in April 1999 (the 1999 Trust) and funded with assets obtained with Lujan's legal assistance. Keith A. Waibel was the initial trustee. At some later point, Hillbroom became a co-trustee.[1] Lujan obtained a judgment in Guam against Hillbroom, as a trustee of the 1999 Trust, and against Waibel, both individually and as a trustee of the 1999 Trust, for unpaid legal fees.

A second trust, the Junior Hillbroom Trust dated May 14, 2005 (the 2005 Trust) purchased real property in Idaho. Hillbroom and Waibel, acting as co-trustees of the 2005 Trust, subsequently quitclaimed the property to Hillbroom in his individual capacity.

Lujan filed a complaint in Idaho against Hillbroom and Waibel,[2] in both their individual capacities and as trustees of the 1999 Trust, seeking to void the quitclaim deed under the UVTA. Lujan also sought to impose a constructive trust and to obtain declaratory relief.[3] Although Lujan alleged that the 2005 Trust quitclaimed the property to Hillbroom, Lujan did not join the 2005 Trust as a party to the action.

Hillbroom moved for summary judgment on all claims and requested attorney fees. As part of his opposition brief, Lujan moved under I.R.C.P. 56(d) for additional time to conduct discovery. The district court granted Hillbroom's motion for summary judgment, denied Lujan's I.R.C.P. 56(d) motion, and denied Hillbroom's request for attorney fees. Lujan moved for reconsideration on the motion for summary judgment, and Hillbroom moved for reconsideration

---

[1] References to "Hillbroom" include both his individual capacity and capacity as a trustee of the 1999 Trust unless the context indicates otherwise.

[2] Waibel was not served with Lujan's complaint and did not appear in the action.

[3] Lujan did not clearly demarcate the claims in his complaint. Hillbroom, in moving for summary judgment, believed Lujan also claimed breach of contract. Lujan's opposition brief argued against summary judgment on the breach of contract claim but, at the hearing on the motion for summary judgment, he clarified that the breach of contract provided background information for the Guam judgment and was not a claim in this action. Despite this clarification, the district court granted summary judgment on the breach of contract claim.

on the denial of his request for attorney fees. The district court denied both motions. Lujan appeals, and Hillbroom cross-appeals.

## II.

## ANALYSIS

**A.      Lujan's Appeal**

In Lujan's appellate briefing, he asserts that the district court erred by granting summary judgment against him on his UVTA claim and request for a constructive trust and by denying his I.R.C.P. 56(d) motion. At oral argument, however, Lujan conceded that he failed to plead a claim under the UVTA.[4] In short, the 2005 Trust was the grantor for the quitclaim deed, but the Guam judgment does not make the 2005 Trust a debtor in regard to Lujan--a prerequisite for voiding a transfer under the UVTA. *See* I.C. § 55-913(1) ("transfer made or obligation incurred by a debtor is voidable"). Lujan's concession moots the issues regarding his UVTA claim.

This concession has a domino effect on Lujan's argument regarding a constructive trust. Lujan argues the district court erred in dismissing his request for a constructive trust because the record shows it is "unconscionable for Hillbroom to retain title to" the property. A constructive trust is generally a remedy, not a substantive claim. *Chinchurreta v. Evergreen Mgmt., Inc.*, 117 Idaho 591, 593, 790 P.2d 372, 374 (Ct. App. 1989) (noting that a constructive trust is a remedy for fraud, misrepresentation, or unjust enrichment); *Greene v. Truck Ins. Exch.*, 114 Idaho 63, 69, 753 P.2d 274, 280 (Ct. App. 1988) (noting that a constructive trust is "generally . . . viewed as a remedy rather than as a theory of liability"). Relief under the UVTA can include imposition of a constructive trust. *See* I.C. § 55-916(1) (creditor's remedies include a "provisional remedy against the asset transferred" and "any other relief the circumstances may require"). Having conceded that he did not plead a UVTA claim, Lujan lacks a substantive claim that would warrant the remedy of a constructive trust. Although he asserts that allowing Hillbroom to retain the property is "unconscionable," Lujan does not articulate how the allegedly unconscionable

---

[4]      Lujan is represented by new counsel on appeal who made this concession.

actions constitute a claim (such as unjust enrichment) that might warrant such relief.[5]  As such, the issues regarding a constructive trust are moot.

This leaves Lujan's challenge to the denial of his I.R.C.P. 56(d) motion.  Lujan asserts error in the denial of his I.C.R.P. 56(d) motion, arguing the district court did not recognize its discretion and did not provide analysis for denying the motion.  Hillbroom responds that Lujan invited the error and failed to carry his burden to show he was entitled to I.R.C.P. 56(d) relief.  Under I.R.C.P. 56(d), a trial court may defer consideration of a motion for summary judgment if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  A trial court's denial of an I.R.C.P. 56(d) motion will be upheld if the trial court recognized its discretion to deny the motion, articulated the reasons for so doing, and exercised reason in making the decision.  *Fagen, Inc. v. Lava Beds Wind Park, LLC*, 159 Idaho 628, 633, 364 P.3d 1193, 1198 (2016).

The district court's single-sentence denial of Lujan's I.R.C.P. 56(d) is as follows:  "Upon consideration, [Lujan's] request for additional time to obtain declarations or to take discovery, pursuant to [I.R.C.P.] 56(d), is denied."  Although the word "consideration" indicates that the district court recognized its discretion, we agree with Lujan that the district court erred by failing to articulate its reasons.  *See Fagen*, 159 Idaho at 633, 364 P.3d at 1198.

Based on this error, Lujan contends that this "Court should reverse the order granting summary judgment."  His appellate briefing, however, does not identify the claim to which his I.R.C.P. 56(d) motion applied.  In Lujan's brief opposing summary judgment, he moved for I.R.C.P. 56(d) relief in responding to Hillbroom's argument against Lujan's claim for declaratory relief.  This is the only claim for which Lujan requested additional time under I.R.C.P. 56(d).  However, Lujan has not challenged the district court's grant of summary judgment on his claim for declaratory relief.  During each stage of a proceeding, including an appeal, Idaho courts

---

[5]      We note that the district court held that Lujan failed to plead the elements of fraud, which could warrant a constructive trust.  *See Witt v. Jones*, 111 Idaho 165, 168, 722 P.2d 474, 477 (1986).  Lujan does not challenge this portion of the district court's order but, instead, challenges the district court's conclusion that he failed to show other nonfraudulent, wrongful conduct.  A party waives an issue on appeal if either argument or authority is lacking.  *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).  Thus, we do not consider whether the district court erred in concluding that Lujan failed to plead the elements of fraud.

4

"must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. "A right is substantial if it could affect the outcome of litigation." *Bromund v. Bromund*, 167 Idaho 925, 932, 477 P.3d 979, 986 (2020). Lujan has not argued, much less shown, how additional time would have allowed him to present facts that would have called into question the district court's grant of summary judgment on his claim for declaratory relief. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Because Lujan has failed to show that the district court's error affected the outcome on his claim for declaratory relief, we disregard the error. Therefore, we need not address Hillbroom's argument that Lujan invited the error.

## B.     Hillbroom's Cross-Appeal

Hillbroom argues the district court erred by failing to award him attorney fees.[6] Specifically, he asserts the district court failed to recognize its discretion to apportion attorney fees between frivolous and nonfrivolous claims, failed to act consistently with the applicable legal standards, and did not reach its decision through an exercise of reason. Lujan responds that the district court did not abuse its discretion in declining to award Hillbroom attorney fees.

An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the trial court finds that the case has been brought or defended frivolously, unreasonably, or without foundation. The decision whether to award

---

[6]     Hillbroom brings his cross-appeal in both his individual capacity and his capacity as a trustee of the 1999 Trust but, in his appellate briefing, Hillbroom does not identify in which capacity he sought attorney fees. In Hillbroom's initial motion, he asked the district court to "award reasonable attorney's fees to [Hillbroom]," but did not expressly indicate whether the request was in his individual capacity, as a trustee of the 1999 Trust, or both. However, in his argument he noted he "was not a party to the Guam lawsuit," referring to the case resulting in the Guam judgment. That judgment did not include Hillbroom in his individual capacity, but did include him in his capacity as trustee of the 1999 Trust. Consequently, Hillbroom's request for attorney fees was brought in his individual capacity alone. We recognize that Hillbroom brought his motion for reconsideration in both capacities, but a motion for reconsideration concerns the validity of the initial motion and cannot expand the scope of the initial motion. It is well-settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *Atkinson v. 2M Co., Inc.*, 164 Idaho 577, 582, 434 P.3d 181, 186 (2019). Because Hillbroom requested attorney fees solely in his individual capacity, there is no adverse ruling to review regarding a request for attorney fees in his capacity as a trustee. Thus, to the extent Hillbroom brings the cross-appeal in his capacity as a trustee of the 1999 Trust, we will not consider the issue.

attorney fees under I.C. § 12-121, as well as the determination of whether an action was brought or defended frivolously, rests in the trial court's discretion. *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 629, 329 P.3d 1072, 1077 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The district court, in denying Hillbroom's request for attorney fees, reasoned as follows:

> Even though [Lujan's] claims have been dismissed on summary judgment, this Court, in the exercise of its discretion, and taking into account the entire course of the litigation, is not left with the abiding belief that this case was brought or pursued by [Lujan] frivolously, unreasonably, or without foundation.

We first address whether the district court correctly recognized its discretion. Hillbroom acknowledges the district court recognized its discretion to award attorney fees, but contends the district court failed to recognize its discretion to take a specific action--that is, to award a portion of the requested attorney fees for the claims that were frivolous. A trial court has discretion to award part of the requested attorney fees based on the claims or issues that were frivolous. *Fitzpatrick v. Kent*, 166 Idaho 365, 373, 458 P.3d 943, 951 (2020). Hillbroom presents no authority, however, requiring a trial court to recognize its discretion for every particular action it may take. To satisfy the first prong of discretion, a trial court need only recognize "the issue as one of discretion." *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. Here, the issue was whether to award attorney fees. By recognizing that it had discretion to award attorney fees, the district court satisfied this prong. The district court did not need to go further and recognize its discretion to take any of the actions available to it, and such a requirement would be redundant. By recognizing its discretion to award attorney fees, the district court implicitly recognized its discretion to award attorney fees in any manner authorized by law.

Next, Hillbroom advances two arguments for why the district court failed to act consistently with the applicable legal standards. First, Hillbroom asserts the district court erred by relying on a case that has been partially overruled. In denying Hillbroom's request for attorney fees, the district court noted that attorney fees should be awarded under I.C. § 12-121

6

only when a trial court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Budget Truck Sales, LLC v. Tilley*, 163 Idaho 841, 850, 419 P.3d 1139, 1148 (2018).[7] Hillbroom argues it was error for the district court to rely on *Budget Truck Sales* because that opinion also reiterated the now-overruled standard that attorney fees under I.C. § 12-121 are not warranted if there was "at least one legitimate issue presented." *Budget Truck Sales*, 163 Idaho at 850, 419 P.3d at 1148; *see also Idaho Military Historical Soc'y*, 156 Idaho at 632, 329 P.3d at 1080 (disavowing the one legitimate issue standard). As Lujan notes, however, the district court did not rely on the portion of *Budget Truck Sales* that has been overruled--there is no mention of the "one legitimate issue" standard in the denial of Hillbroom's request for attorney fees. Consequently, the district court did not err by relying on *Budget Truck Sales*.

Second, Hillbroom asserts the district court erred by not analyzing each of Lujan's claims to determine if any of them were frivolous. Although a trial court may apportion attorney fees based on some of the claims being frivolous, it is not required to do so. *Fitzpatrick*, 166 Idaho at 373, 458 P.3d at 951. Instead, a trial court may view the litigation as a whole and determine that attorney fees are not warranted. *Id.* By "taking into account the entire course of the litigation," the district court indicated that it viewed the litigation as a whole, not piecemeal, and determined that attorney fees should not be awarded. Hillbroom has failed to show that the district court failed to act consistently with the applicable legal standards by doing so.

Finally, Hillbroom asserts the district court did not reach its decision by an exercise of reason. Hillbroom faults the district court for not giving its reasons why it was not left with the abiding belief that Lujan's claims were frivolous. Hillbroom asserts the district court's conclusion is "difficult to square with the record" because, in his view, all of Lujan's claims were frivolous. Although the district court's reasoning was sparse, it suffices. The district court recognized that all of Lujan's claims were being dismissed on summary judgment, indicating that it considered the merits of the claims. The district court further indicated that it considered the

---

[7]     We recognize that this standard in *Budget Truck Sales* applied to "this Court," referring to the Idaho Supreme Court, *Budget Truck Sales*, 163 Idaho at 850, 419 P.3d at 1148, but the standard has equal application to trial courts, *see Lieurance-Ross v. Ross*, 142 Idaho 536, 539, 129 P.3d 1285, 1288 (Ct. App. 2006).

entirety of the litigation. After these considerations, the district court was not left with the abiding belief that Lujan's case was frivolous. This was sufficient to show an exercise of reason. *Cf. Anderson v. Goodliffe*, 140 Idaho 446, 450, 95 P.3d 64, 68 (2004) (holding that a district court exercised reason in denying request for attorney fees under I.C. § 12-121 "because the district court found that '[the defendant] believed he had a legal right to take the action at issue'"). Consequently, Hillbroom has failed to show the district court erred in denying his request for attorney fees.

## C.      Attorney Fees on Appeal

Lujan requests attorney fees under I.C. § 12-121 for pursuing this appeal, but has not requested attorney fees for defending against Hillbroom's cross-appeal. Hillbroom requests attorney fees for both his defense of Lujan's appeal and for pursuing the cross-appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.

Lujan did not prevail in his appeal. Similarly, Hillbroom did not prevail in his cross-appeal. Therefore, neither party is entitled to attorney fees incurred in pursuing their respective appeals. This leaves Hillbroom's request for attorney fees incurred in defending against Lujan's appeal.

A party, even if successful in defending against an appeal, is not the prevailing party for purposes of the appeal if the party fails in its cross-appeal. *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 274, 483 P.3d 313, 331 (2021). Hillbroom failed in his cross-appeal and, thus, is not the prevailing party in defending against Lujan's appeal. Consequently, Hillbroom is not entitled to attorney fees incurred in connection with Lujan's appeal.

### III.

### CONCLUSION

Based on Lujan's concession, the issues concerning his UVTA claim and request for a constructive trust are moot. Although the district court erred in failing to articulate its reasons for denying Lujan's I.R.C.P. 56(d) motion, we disregard the error because Lujan has failed to show that it would affect the grant of summary judgment on his claim for declaratory relief. Hillbroom has failed to show that the district court abused its discretion in denying his request

8

for attorney fees. Consequently, the judgment dismissing Lujan's complaint is affirmed. Because neither party prevailed in their respective appeals, we decline to award costs or attorney fees on appeal.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.