# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45082/45083

BUDGET TRUCK SALES, LLC, a limited liability company,

      Plaintiff-Counterdefendant-Appellant,

v.

KENT H. TILLEY,

      Defendant-Counterclaimant-Respondent.

-------------------------------------------------

KENT H. TILLEY,

      Plaintiff-Respondent,

v.

BREK A. PILLING and BRIAN TIBBETTS,

      Defendants-Appellants.

_____

BREK A. PILLING, an individual,

      Plaintiff-Counterdefendant-Appellant,

v.

KENT H. TILLEY,

      Defendant-Counterclaimant-Respondent.

-------------------------------------------------

KENT H. TILLEY,

      Third Party Claimant,

v.

JIM COTTOM and HIGH MARK RENTALS, LLC,

      Third Party Defendants.

_____

Boise, January 2018 Term

2018 Opinion No. 37

Filed: April 20, 2018

Karel A. Lehrman, Clerk

1

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Cassia County. Hon. Robert J. Elgee, District Judge.

The judgment of the district court is <u>vacated</u> and <u>remanded</u> for proceedings consistent with this Opinion. Costs on appeal are <u>awarded</u> to Appellant.

Worst, Fitzgerald & Stover, PLLC, Boise, for Appellant. David W. Gadd argued.

Gjording Fouser, PLLC, Boise, for Respondent. Bobbi K. Dominick argued.

_____

BEVAN, Justice

This is an appeal out of Cassia County from a judgment enforcing a settlement agreement between Kent Tilley ("Tilley") and Budget Truck Sales, LLC, Brek A. Pilling, Brian L. Tibbets, and Mike Tilley (the "Budget Parties"). The Budget Parties appealed alleging that the parties' settlement agreement was void because it was procured by fraud. According to the Budget Parties, Tilley proposed to convey title to a CAT 950 front loader (the "loader"), but Tilley misrepresented the loader's condition. We vacate the judgment and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Approximately six years ago, the Budget Parties, including Mike Tilley,[1] and Tilley entered into various oral agreements relating to the purchase, repair and sale of large trucks and heavy equipment. Shortly thereafter, the relationship of the parties broke down, leading to the filing of three separate lawsuits: Cassia County Case Nos. CV-2012-1257[2], CV-2013-316, and CV-2015-719 (the "Cassia County Cases"). On April 9, 2013, Budget Truck Sales, LLC filed a lawsuit against Tilley, alleging that Tilley owed it money on an open account for loans it had provided to Tilley. On August 17, 2015, Tilley filed a lawsuit against Brek A. Pilling and Brian

---

[1] Mike Tilley is not a party named in this action, but he is a member of Budget Truck Sales, LLC, and he voluntarily appeared at the hearing on December 14, 2016. Mike Tilley and Kent H. Tilley are brothers.

[2] The record does not include any pleadings from the 2012 case. A default judgment was entered by the court against third party-defendants, Jim Cottom and High Mark Rentals, LLC, CV-2012-1257, on December 20, 2016. Otherwise, the case was not part of the trial in this matter, but it was included in the parties' purported global resolution that is germane to this appeal.

L. Tibbits, alleging they personally owed him for his share of the profits. On October 8, 2015, pursuant to an order by the district court, Case Nos. CV-2013-316 and CV-2015-719 were consolidated.

Trial started for the consolidated cases on December 13, 2016. By the second day of trial, the parties engaged in settlement negotiations to resolve each of the Cassia County Cases. During the negotiations, Tilley proposed to convey certain property to the Budget Parties, including title to a CAT 950 front loader, in exchange for $100,000. The $100,000 was to be paid the day after delivery.

Before the parties placed the terms of the settlement on the record, the Budget Parties allege[3] that Steven McRae ("McRae"), counsel for the Budget Parties at the time, asked Tilley, with his counsel's permission, what condition the loader was in. According to McRae, Tilley stated that, "with the exception of a minor hydraulics issue that [Tilley] would correct," the loader "worked great" and "was in great working condition." McRae shared these statements with the Budget Parties, and they agreed to the settlement.

Once the parties reached a resolution that would resolve all of the Cassia County Cases, the parties recited the terms of their agreement on the record in open court. After the terms were recited, the court asked each party and their attorneys if they stipulated to those terms, emphasizing that the Cassia County Cases would be settled on those terms, and whatever they agreed to on the record was final.[4]

In accordance with the settlement agreement, the loader was delivered to the Budget Truck Sales' lot on January 11, 2017. However, the Budget Parties claimed the loader was not in "great working condition," as Tilley had allegedly represented. In fact, the Budget Parties claimed the loader was inoperable. Because the loader's condition was not as Tilley had allegedly represented, the Budget Parties refused to pay Tilley the $100,000 that was due the following day. On January 12, 2017, Tilley's attorney referred McRae to the agreement, advised him that if the $100,000 payment was not received the next day a motion to enforce the settlement agreement would be filed, and Tilley would seek an award of attorney fees. On January 13, 2017, McRae informed Tilley's counsel that the Budget Parties would not honor the agreement because they believed Tilley had misrepresented the condition of the loader, and the Budget Parties relied upon that representation when they agreed to the settlement.

---

[3] The facts set forth are alleged and no findings have been made by the district court regarding these allegations. We therefore construe these facts in favor of the Budget Parties as set forth in Section II, *infra*.

[4] Brek A. Pilling was not present, but his counsel was authorized to speak on his behalf.

3

On January 23, 2017, Tilley filed a motion to enforce the settlement agreement, arguing that the Budget Parties agreed to be bound by the terms of the agreement and that they could not add to those terms. The Budget Parties opposed the motion, arguing that the central focus of the district court's analysis should be Tilley's misrepresentation of the loader's condition. Moreover, because Tilley denied making the representation, the Budget Parties argued, genuine issues of material fact precluded enforcement of the settlement agreement.

A hearing was held on the motion on February 6, 2017. The district court, without holding an evidentiary hearing, ordered as a matter of law that the agreement provided in open court was enforceable, ultimately finding that fraud in the inducement did not apply to the facts of this case. The court further held that the settlement agreement should be reduced to a judgment.

On February 14, 2017, the Budget Parties filed an objection to the proposed judgment. A hearing was held on April 17, 2017. At that time, the court made a finding that the settlement agreement was absolute and not conditional, and that the condition of the loader was not a material term of the settlement. The remaining findings of fact were based upon the settlement terms placed on the record. A judgment was entered on May 2, 2017. On May 3, 2017, the Budget Parties timely filed a notice of appeal.

## II. STANDARD OF REVIEW[5]

"A motion for the enforcement of a settlement agreement is treated as a motion for summary judgment when no evidentiary hearing has been conducted." *Vanderford Co., Inc. v. Knudson*, 150 Idaho 664, 671, 249 P.3d 857, 864 (2011). "In an appeal from an order of summary judgment, this Court's standard of review is "the same as the standard used by the trial court in ruling on a motion for summary judgment." *Holdaway v. Broulim's Supermarket*, 158 Idaho 606, 610, 349 P.3d 1197, 1201 (2015) (internal quotations and citation omitted). Under Idaho Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[5] In the briefs submitted to this Court, the parties disagreed on the applicable standard of review. The Budget Parties asserted that the standard of review governing motions for summary judgment applies to the enforcement of settlement agreements. Tilley argued that the enforcement of settlement agreements utilizes a clearly erroneous standard, more akin to the appellate standard of review for evidentiary findings or findings of fact. Notwithstanding Tilley's position in his brief, the district court expressly applied a summary judgment standard and did not make any findings of fact regarding the Budget Parties' defense of fraud in the inducement. When presented with this issue at oral argument, Tilley's counsel agreed that the summary judgment standard applies to the only dispositive issues on this appeal.

judgment as a matter of law." *Bedard & Musser v. City of Boise City*, 162 Idaho 688, ___, 403 P.3d 632, 633 (2017). "When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party." *Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho 679, 685, 365 P.3d 1033, 1040 (2016). Therefore, "[i]f there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Miller v. Idaho State Patrol*, 150 Idaho 856, 863, 252 P.3d 1274, 1281 (2011) (internal quotations and citation omitted).

## III. ANALYSIS

**A. The district court erred when it granted Tilley's motion to enforce the settlement agreement because genuine issues of material fact existed regarding the Budget Parties' claim of fraud in the inducement.**

The Budget Parties assert that the district court incorrectly held that fraud in the inducement is limited to a very narrow set of circumstances that were not present in this case and that, as the nonmoving party, the district court was required to view the facts and all reasonable inferences in a light most favorable to them. The Budget Parties further argue that the court erred by not conducting an evidentiary hearing. We agree.

1. <u>Fraud in the inducement is applicable to the alleged facts in this case.</u>

"A settlement agreement stands on the same footing as any other contract and is governed by the same rules and principles as are applicable to contracts generally." *Vanderford*, 150 Idaho at 673, 249 P.3d at 865 (internal quotations and citation omitted). "An agreement entered into in good faith in order to settle adverse claims is binding upon the parties, and absent a showing of fraud, duress or undue influence, is enforceable either at law or in equity." *Young Elec. Sign Co. v. State ex rel. Winder*, 135 Idaho 804, 808, 25 P.3d 117, 121 (2001). A contract, including a settlement agreement, that has been procured through the use of fraudulent representations is voidable. *Advance-Rumely Thresher Co., Inc., v. Jacobs*, 51 Idaho 160, 168, 4 P.2d 657, 659 (1931).

In its ruling, the district court acknowledged that fraud in the inducement is a ground to rescind a contract, even one that has been fully integrated. However, the court then incorrectly held that "fraud in the inducement is more limited than it might seem," and stated the law as follows:

5

. . . Fraud in the inducement works by saying I would not have signed this except that I was cheated, because what happened right when we were signing the sales agreement for me to purchase this semi truck [sic], there was a warranty, and I said, well, wait a minute, I'm supposed to get the warranty as part of this before I sign and I don't see that here. And the salesman says, no, that's a separate document, don't worry, that's being prepared next-door, just go ahead and sign.

That's the kind of fraud in the inducement that gets a contract undone when the warranty isn't delivered and the buyer says I would not have signed that except the salesman told me I was going to get the warranty in five minutes, and then they never delivered it to me and I've been cheated. That's fraud in the inducement, not that the condition of the truck was X, Y, or Z . . .

The district court's legal conclusion is not supported by Idaho law.

"While normally the terms of a written contract will control, Idaho law firmly allows that fraud in the inducement is always admissible to show that representations by one party were a material part of the bargain." *Aspiazu v. Mortimer*, 139 Idaho 548, 551, 82 P.3d 830, 833 (2003) (internal quotations and citation omitted). A contract, including a settlement agreement, that has been procured through the use of fraudulent representations is voidable. *Advance-Rumely Thresher Co.*, 51 Idaho at 168, 4 P.2d at 659. Indeed, "[f]raud vitiates the specific terms of the agreement and can provide a basis for demonstrating that the parties agreed to something apart from or in addition to the written documents." *Aspiazu*, 139 Idaho at 551, 82 P.3d at 833. Therefore, generally, "the theory is that because of fraud, there was no contract." *Utilities Eng'g Inst. v. Criddle*, 65 Idaho 201, 209, 141 P.2d 981, 985 (1943). This is the case "whether the fraud enters into the execution of the contract or is antecedent to it" and "regardless of any stipulation to the contrary contained in the contract." *Advance-Rumely Thresher Co.*, 51 Idaho at 168, 4 P.2d 657 at 659. Accordingly, fraud in the inducement is applicable to the alleged facts in this case. Thus, the settlement agreement between Tilley and the Budget Parties may be invalidated by a showing that it was procured by fraud.

2. <u>The Budget Parties submitted evidence that created a genuine issue of material fact regarding their claim of fraud in the inducement.</u>

To establish fraud or misrepresentation, a party must prove each of the following elements: (1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Frontier Dev. Grp., LLC v. Caravella*, 157 Idaho 589, 594, 338 P.3d 1193, 1198 (2014). "The party alleging intentional misrepresentation or fraud

has the burden of proving the elements of fraud by clear and convincing evidence." *Lindberg v. Roseth*, 137 Idaho 222, 225, 46 P.3d 518, 521 (2002). We hold that the evidence submitted by the Budget Parties establishes a genuine issue of material fact regarding their claim of fraud in the inducement.

This Court has held that a seller who misrepresents the quality of equipment to a buyer is a defense to the seller's breach of contract claim. *Advance-Rumely Thresher Co.*, 51 Idaho at 163, 4 P.2d at 658. In *Advance-Rumely Thresher Co.*, despite the fact that the parties entered into a written agreement that provided, in part, that there were "no representations, warranties or conditions, express or implied, statutory or otherwise" with respect to a tractor, this Court held that evidence of fraudulent representations made prior to the execution of the contract concerning the quality of the tractor were admissible to prove fraud. *Id.* at 164, 4 P.2d at 658.

Additionally, false representations made during negotiations concerning the condition of the subject of the contract can support a finding of fraud in the inducement. *Lindberg*, 137 Idaho at 228, 46 P.3d at 524. In *Lindberg*, the plaintiffs alleged that the seller of a residential property misrepresented the existence of water leaks in a building's roof prior to the parties entering the agreement. *Id.* at 227, 46 P.3d at 523. Those representations, however, were not included in the parties' written agreement. *Id.* After the matter was tried before the court, a judgment was entered against the buyers, finding that the only representations upon which a claim of fraud may be based are those contained within the parties' agreement. *Id.* This Court reversed the district court in that regard, holding that representations upon which claims of fraud can be based are not limited to those stated in the contract. *Id.* at 228, 46 P.3d at 524. In fact, this Court held "[p]arol evidence is admissible for the purpose of showing fraud in inducing someone to enter into a contract." *Id.* Here, the district court declined to allow the Budget Parties to present evidence supporting their claim of fraud in the inducement:

> . . . I'm going to foreclose the possibility of any further litigation concerning the condition of the loaders because I'm going to rule as a matter of law that was not made a term of this contract. Whether it was material or not, it was omitted. It was not a term of settlement. It's over. So whatever the conditions—or whatever the discussions were about the conditions of the loaders, they're not material, they wouldn't—they don't bear on the settlement, they weren't made a part of the final agreement, and they can't be added to the agreement now. They can't be made part of the agreement now, whatever the condition of the loaders or loader is.

The district court erred in holding, as a matter of law, that the only representations upon which a claim of fraud in the inducement could be based were those stated in the contract. Thus, the

7

district court misapplied the law when it found that fraud in the inducement did not apply to this case.

The Budget Parties presented evidence that Tilley's representation of the quality or condition of the loader created a false impression concerning the value of that equipment and the ability of that equipment to perform prior to the execution of the settlement agreement. McRae, counsel for the Budget Parties at the time, testified in his affidavit that during the course of the settlement negotiations he asked Tilley, with his counsel's permission and in his presence, what condition the loader was in. According to McRae, Tilley stated that, "with the exception of a minor hydraulics issue that [Tilley] would correct," the loader "worked great" and "was in great working condition." McRae relayed this information to the Budget Parties, who claim they relied on it when they agreed to settle the Cassia County Cases on the terms set forth on the record. At the time, the Budget Parties believed Tilley's alleged representations to be true, and there was no way for them to confirm otherwise.

In addition to Tilley's representations during the settlement negotiations, the emails exchanged between the parties' counsel present a genuine issue of material fact whether the Budget Parties justifiably relied on Tilley's alleged representation of the loader before agreeing to the terms of the settlement. On January 11, 2017, after the loader had been delivered, McRae sent an email to Tilley's counsel informing him that the loader had several problems, including "that it won't go in reverse and that there are issues with the tires." On January 12, 2017, McRae sent another email to Tilley's counsel stating that the loader was delivered "in complete disrepair—with no battery, parts sitting in the loader bucket, with the new tires removed, and not in any sort of working condition." In his response to McRae's email, Tilley's attorney agreed that Tilley had informed McRae what condition the loader was in, did not disagree that he was present when Tilley represented to McRae the condition of the loaders, "but [that Tilley] never agreed to fix the loaders or get them in working condition." Finally, on January 13, 2017, Tilley's counsel, who disagreed with McRae's representation of the negotiations regarding the loaders, replied that "[f]ixing or repairing either loader was never part of the agreement," and that the "loader was delivered in the condition it was received from Brek Pilling two years ago." Viewing this evidence in the light most favorable to the nonmoving party presents a genuine issue of material fact regarding the Budget Parties' claim of fraud in the inducement. Thus, we hold the district court erred when it limited the application of fraud in the inducement, declined

8

to hold an evidentiary hearing, and found there was no genuine issue of material fact to support the Budget Parties' claim.

**B. The district court's discussion of materiality dealt with the formation of a contract and misapplied the elements of fraud in the inducement as to that issue.**

The Budget Parties argue that the district court misapplied the law of fraud in the inducement when it found the condition of the loader was not a material term of the parties' settlement agreement. The district court applied the legal doctrine of materiality as it relates to the formation of a valid contract rather than the materiality of Tilley's alleged misrepresentation. We hold it is irrelevant whether or not the parties expressly stated on the record that the condition of the loader was a material term of the settlement agreement. The dispositive issue on appeal is whether or not the alleged misrepresentation was material enough to influence the Budget Parties to settle the cases.

Whether a contract is oral or written, whether it is fully integrated, or whether it contains terms that attempt to limit the representations upon which a party may rely, "fraud vitiates any contract." *Advance-Rumely Thresher Co.*, 51 Idaho at 168, 4 P.2d at 660. As this Court has previously explained, a material element of fraud in the inducement "refers to the importance of the misrepresentation in determining the plaintiff's course of action." *Watts v. Krebs*, 131 Idaho 616, 619, 962 P.2d 387, 390 (1998) (internal quotations and citation omitted). That is, a misrepresentation is material "if it is of such character that had it not been made, the transaction would not have been consummated." 37 Am. Jur. 2d *Fraud* (2d ed. 2018).

Accordingly, the "material terms" of an agreement are relevant to whether a contract has been formed, not whether fraud has occurred in the formation of that contract. In fact, when an agreement is obtained by fraud, the parties can present evidence that they agreed to something apart from or in addition to the written document, and the contract is voidable. *Id.* It is immaterial whether the contract is silent concerning the fraudulent representations or expressly provides that the parties are relying only upon those representations specifically set forth in the written agreement. *Id.* at 170–172, P.2d at 660 (citing *Sigafus v. Porter*, 84 F. 430, 437 (2d Cir. 1898)). Therefore, whether or not the condition of the loader was a material term stated on the record is irrelevant if the Budget Parties were induced to enter into that agreement in reliance on Tilley's alleged misrepresentations.

**C. The Budget Parties are not estopped from arguing fraud in the inducement.**

9

The district court did not determine whether estoppel applied to prevent the Budget Parties from asserting the defense of fraud in the inducement. Nevertheless, "[a] respondent on appeal is not necessarily limited to the issues decided by the trial court or the issues raised by the appellant." *Stapleton v. Jack Cushman Drilling and Pump Co. Inc.*, 153 Idaho 735, 742, 291 P.3d 418, 425 (2012). "The respondent can seek to sustain a judgment for reasons that were presented to the trial court even though they were not addressed or relied upon by the trial court in its decision." *Id.* Because Tilley's quasi-estoppel argument was raised below, we will address the issue on appeal.

The doctrine of quasi-estoppel applies when: (1) the offending party took a different position than his or her original position and (2) either (a) the offending party gained an advantage or caused a disadvantage to the other party; (b) the other party was induced to change positions; or (c) it would be unconscionable to permit the offending party to maintain an inconsistent position from one he or she has already derived a benefit or acquiesced in. *Atwood v. Smith*, 143 Idaho 110, 114, 138 P.3d 310, 314 (2006) (citation omitted). "To prove quasi-estoppel, it is not necessary to show detrimental reliance; instead, there must be evidence that it would be unconscionable to permit the offending party to assert allegedly contrary positions." *Id.*

Tilley's attempt to assert the defense of quasi-estoppel is misplaced because, like the district court's decision, Tilley's argument focuses on the material terms of the settlement agreement as they relate to the formation of a contract rather than the materiality of the alleged misrepresentation. Here, Tilley has failed to establish that the Budget Parties have taken an inconsistent position such that they should be estopped from "reaping an unconscionable advantage" or that they are imposing an "unconscionable disadvantage upon another." *Silicon Intern. Ore., LLC v. Monsanto Co.*, 155 Idaho 538, 550, 314 P.3d 593, 604 (2013) (internal quotations and citation omitted). Indeed, the Budget Parties' position has always been that they entered into the settlement agreement in reliance on Tilley's (mis)representation regarding one of the loaders.

The Budget Parties have not changed their position from the one stated on the record in open court. They are therefore not estopped from asserting a defense of fraud in the inducement.

### D. Neither party is entitled to attorney fees on appeal; however, we award costs to the Budget Parties.

Pursuant to Idaho Appellate Rules 35(b)(5) and 41, the Budget Parties and Tilley both seek an award of attorney fees on appeal under Idaho Code section 12-120(3). Both parties argue

that this is an action to recover in a commercial transaction. Idaho Code section 12-120(3) provides that "[i]n any civil action to recover . . . in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." A "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). The underlying claims of the parties, as alleged in their various pleadings in the Cassia County Cases, arise from commercial transactions.

Both parties also request attorney fees on appeal pursuant to Idaho Code section 12-121. "An award of attorney fees under Idaho Code section 12-121 is not a matter of right to the prevailing party, but is appropriate only when this Court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Pocatello Hosp., LLC v. Quail Ridge Medical Investor, LLC*, 157 Idaho 732, 742, 339 P.3d 1136, 1146 (2014) (internal quotations and citation omitted). Moreover, "[w]hen deciding whether attorney fees should be awarded under I.C. § 12–121, the entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded even though the losing party has asserted other factual or legal claims that are frivolous, unreasonable, or without foundation." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009).

In light of our holding in this case, we decline to award attorney fees on appeal. The district court may consider awarding attorney fees to the prevailing party on remand. *Taylor v. Riley*, 157 Idaho 323, 340, 336 P.3d 256, 273 (2014) (citing *Hillside Landscape Constr., Inc. v. City of Lewiston*, 151 Idaho 749, 754, 264 P.3d 388, 393 (2011)). Under Idaho Appellate Rule 40, the Budget Parties are entitled to costs as the prevailing parties.

## IV. CONCLUSION

We hold that material questions of fact exist upon which the district court could rely in finding that Tilley committed fraud in the inducement by allegedly representing to the Budget Parties the loader was in "great working condition." Accordingly, the judgment is vacated and the case is remanded for an evidentiary hearing on the Budget Parties' claim of fraud in the inducement. If such fraud occurred, the entire settlement is vitiated and the parties are placed back in the position they were in before the case was purportedly settled.

11

Chief Justice BURDICK, Justices *pro tem* VANDERVELDE, LORELLO and REARDON, CONCUR.