# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No.'s 50408 and 50455

| | | |
|---|---|---|
| CARTER DENTAL, P.A., an Idaho professional association, | ) ) ) | |
| Plaintiff-Counterdefendant-Respondent, | ) ) ) ) | |
| v. | ) ) | |
| ELIZABETH CARTER, an individual, | ) ) | Boise, May 2024 Term |
| Defendant-Counterclaimant-Appellant. | ) ) ) | Opinion Filed: July 2, 2024 |
| _____ | ) ) | Melanie Gagnepain, Clerk |
| ELIZABETH CARTER, an individual, | ) ) | |
| Third-Party Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| JASON CARTER, an individual, | ) ) | |
| Third-Party Defendant-Respondent. | ) ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Michael Reardon, District Judge.

The district court's judgments are <u>affirmed</u>.

Parsons Behle & Latimer, Boise, attorneys for Appellant, Elizabeth Carter. Robert Burns argued.

Powers Farley, PC, Boise, attorneys for Respondent, Jason Carter. John Howell argued.

Elam & Burke, P.A., Boise, attorneys for Respondent, Carter Dental, P.A. Jaclyn Gans argued.

_____

BEVAN, Chief Justice.

1

This consolidated appeal concerns the enforceability of a settlement agreement and a noncompete clause. Elizabeth and Jason Carter are siblings and licensed dentists. They bought Carter Dental from their father in 2006 and worked together as partners in a professional association for more than a decade. In 2020, Jason accused Elizabeth of misusing the practice's funds for her own benefit. Litigation ensued, during which the parties agreed to mediation. The mediation resulted in an agreement containing 14 bullet points providing that Elizabeth would sell her shares in the dental practice to Jason and not compete against the practice for two years. Those bullet points were later incorporated into a formal settlement agreement. Jason's counsel then drafted a written mutual release, which Elizabeth refused to sign.

Soon after, Jason moved to enforce the settlement agreement, which the district court granted. Over Elizabeth's opposition, the district court found that the settlement agreement and noncompete clause were enforceable, and that the noncompete clause limits Elizabeth from practicing dentistry within a five-mile radius of Jason's dental practice for two years. Pursuant to the agreement, the district court entered a judgment dismissing the case with prejudice. Elizabeth timely appealed from the judgment, arguing that the noncompete clause is unenforceable, and more broadly, that the settlement agreement is unenforceable.

Following the entry of judgment, Jason and Carter Dental filed motions for attorney fees, which the district court granted. Elizabeth filed a second notice of appeal related to the district court's award of attorney fees, which resulted in a separate docket number on appeal. This Court consolidated the two appeals. For the reasons below, we affirm the district court's judgments in full.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts at the center of this appeal are highly contested by the parties. Elizabeth Carter and Jason Carter are siblings, and each owned a fifty percent share in Carter Dental, P.A. since jointly buying the practice from their father in 2006. Elizabeth and Jason are both licensed to practice dentistry in Idaho. From 2006 through 2021, Elizabeth served as the president of Carter Dental, and she was employed at Carter Dental as a full-time dentist. Jason practiced at Carter Dental as well as at Our Town Family Dentistry in Weiser, Idaho.

In 2020, a dispute arose between Elizabeth and Jason regarding funds that Elizabeth owed to Carter Dental. The details surrounding the dispute remain contested. Elizabeth alleges that she and Jason agreed that certain expenses incurred by either party could be submitted to Carter Dental

2

for reimbursement. Conversely, Jason claims a dispute arose after he learned that Elizabeth was using funds from Carter Dental to pay for personal expenses. Jason requested an audit of Carter Dental's books. Elizabeth and Jason entered into an agreement not only for an audit, but also for binding arbitration to resolve their dispute and, to that end, they mutually selected Denise McClure ("McClure"), CPA, CFE, to conduct the audit and serve as the sole arbitrator.

Part of the agreement explained:

> Upon completion of her investigation, McClure will determine: (1) the total amount of payments made by the Company, at Elizabeth's direction, that qualify as valid business expenses, (2) the total amount of payments made by the Company that were for Elizabeth's personal expenses, and therefore, must be reimbursed by Elizabeth to the Company, and (3) . . . those small transactions ($20 or less) and/or transactions without supporting documentation that do not fall clearly into the other two categories (hereinafter defined as "Grey Area Expenses"). McClure, as arbitrator of the amount owed, shall have sole and binding authority in determining the amount Elizabeth owes to the Company, including, but not limited to, making a decision on the reimbursement amount of the Grey Area Expenses. The amount determined by McClure to be owed by Elizabeth to the Company, including the Grey Area Expenses, shall be final and may not be the subject of future litigation and/or appealed.

A few months later, McClure issued her report, which found, in part, that Elizabeth used nearly $500,000 from Carter Dental's funds for her own benefit.

By October 2021, Carter Dental filed an application to confirm the arbitration award against Elizabeth, alleging that Elizabeth had made no payments to Carter Dental or otherwise attempted to satisfy the arbitration award. Elizabeth filed an answer to the application to confirm arbitration. As part of her answer, Elizabeth disputed the arbitration award and asserted three affirmative defenses, a counterclaim, and a third-party complaint against Jason. On March 17, 2022, Elizabeth moved to dismiss Carter Dental's petition. The district court heard oral arguments on that motion a few weeks later and issued a memorandum decision denying the motion.

Jason obtained a stay of litigation to determine the fair value of Elizabeth's shares. The district court then held an evidentiary hearing on June 24, 2022, to evaluate the fair value of Elizabeth's shares in Carter Dental. The parties could not complete the presentation of evidence that day, so the court scheduled a second day for the evidentiary hearing on July 29, 2022. However, before the second hearing, Elizabeth requested a continuance, and the evidentiary hearing was rescheduled for August 19, 2022.

3

In the interim, Jason and Elizabeth agreed to mediate the case, and scheduled mediation for August 19, 2022, with the agreement that they would obtain a new hearing date for the continued fair value evidentiary hearing if mediation failed. Thomas Banducci served as a mediator in the case. Elizabeth attended the mediation with her attorney, Wyatt Johnson, and Jason attended with his wife and their attorney, John Howell. After ten hours in mediation, the parties reached an agreement. Johnson memorialized the terms of the agreement in an email and sent them to Howell. The material terms of the agreement included:

1. All claims dismissed with prejudice. Each party to bear own fees and costs.

2. Jason purchases Elizabeth's shares for $115,000, no interest payable 10%, 30 days of settlement, remainder of the balance due, in full, on or before December 31, 2022. Promissory note by Jason as Maker.

3. Carter Dental to immediately pay the full balance on the Capital One card (approximately $30,000) and the card will be closed (assuming no new charges).

4. Noncompete agreement - 5 mile radius, 2 years

5. Non-solicitation (customers) - 1 year. Non-solicitation applies to affirmative contact. Does not include passive advertisement such as a website or cases where a customer unilaterally comes to Elizabeth.

6. Mutual hold harmless/indemnity–for wrongful acts of the company caused by either Jason (from Jan 1, 2021 to present) or Elizabeth (from Jan 1, 2006 to present).

7. Mutual non-disparagement.

8. Full cooperation clause. Everything done to accomplish all separation of interests. No further compensation, books are closed and no further liabilities, etc.

9. Confidentiality.

10. Carter Dental property–dba name, passwords, logo, etc. will be returned from Elizabeth to Carter Dental/Jason.

11. Mutual release of all liabilities.

12. Mutually agreed notification to customers regarding Elizabeth's departure.

13. Confirm any malpractice up to date of transfer is covered by insurance (occurrence based/claims made or tail policy).

14. Full cooperation with Elizabeth on 401k loan.

On August 22, 2022, Howell sent Johnson a proposed mutual release. Johnson did not respond to Howell. The next month, during a conference call among Banducci and counsel for

4

Jason and Elizabeth, Johnson shared that Elizabeth may not be willing to sign the mutual release. Johnson told Howell and Banducci he would let Howell know by September 7, 2022, whether Elizabeth would sign. Later the same day, Michelle Points, also counsel for Elizabeth, left a voicemail for Howell to inform him that Elizabeth would not sign the release and wanted to continue with litigation.

On September 16, 2022, Jason moved to enforce the settlement agreement. The motion asserted: "Jason and Elizabeth participated in mediation on August 19, 2022, with Thomas Banducci as the mediator and a successful resolution was reached. The settlement terms were memorialized in an email between counsel. Elizabeth has indicated that she will not honor the agreement." Jason's attorney and the mediator filed declarations in support of the motion to enforce the settlement.

The same day, Elizabeth's attorney, Wyatt Johnson, moved for leave to withdraw as counsel "due [to] an attorney/client conflict of interest which has arisen with regard to Ms. Carter's representation." The district court granted the motion for leave to withdraw, and in October 2022, Elizabeth's new attorney, Michelle Points, filed a memorandum in opposition to the motion to enforce the settlement agreement. In the opposition memorandum, Elizabeth acknowledged that she "does not dispute that the parties agreed during their August 19, 2022, mediation to the 14 bullet points . . . set forth in the email stream[,]" but disputed that the bullet point terms constituted an enforceable contract because: (1) the noncompete agreement was unenforceable; and (2) the terms were not intended to constitute a final binding contract.

After hearing oral arguments on the motion to enforce in October 2022, the district court entered its order granting the motion to enforce the settlement agreement and separately entered a judgment for dismissal with prejudice. Elizabeth filed a notice of appeal, initiating docket number 50408 before this Court.

On December 2, 2022, Jason filed a motion for costs and attorney fees. Carter Dental also filed a motion for its fees. Elizabeth moved to disallow costs and fees, and the district court heard oral arguments on the competing motions. During that hearing, the district court issued an oral ruling, granting attorney fees to Jason and Carter Dental. Following entry of the district court's order granting attorney fees, Elizabeth filed a separate notice of appeal, initiating docket number 50455. The two appeals were consolidated and are both addressed in this opinion.

## II. ISSUES ON APPEAL

5

**1.** Does this Court have jurisdiction to consider Elizabeth's consolidated appeal?

**2.** Is Elizabeth's argument that the terms of the settlement agreement are unenforceable moot?

**3.** Is Elizabeth estopped from arguing that the settlement agreement is unenforceable?

**4.** Did the district court abuse its discretion in awarding attorney fees and costs to Jason and Carter Dental?

**5.** Is any party entitled to attorney fees and costs on appeal?

### III. STANDARDS OF REVIEW

"This Court has frequently stated that '[a] motion for the enforcement of a settlement agreement is treated as a motion for summary judgment when no evidentiary hearing has been conducted.' " *Seward v. Musick Auction, LLC*, 164 Idaho 149, 155, 426 P.3d 1249, 1255 (2018) (quoting *Budget Truck Sales, LLC v. Tilley*, 163 Idaho 841, 846, 419 P.3d 1139, 1144 (2018)). However, it is important to note "that different standards of review will apply to proceedings to enforce a settlement agreement, depending upon the procedural mechanism by which enforcement is sought." *Id*. In cases when a party has filed a motion to enforce a settlement agreement, like Jason and Carter Dental have here, the party seeking to enforce a settlement agreement may "move that the trial court enforce the agreement prior to dismissal of the underlying action." *Id*. "Such a motion seeks specific performance of the settlement agreement or a declaration of the rights of the parties. As these claims for relief lie in equity, there is no right to jury trial." *Id*. Instead,

> the trial court as the trier of fact is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences. This Court freely reviews the entire record that was before the district court to determine whether either side was entitled to judgment as a matter of law and whether inferences drawn by the district court are reasonably supported by the record.

*Id*. at 156, 426 P.3d at 1256 (citation omitted).

An award or denial of attorney fees is reviewed for an abuse of discretion. *Allen v. Campbell*, 169 Idaho 125, 492 P.3d 1084 (2021). When this Court reviews an alleged abuse of discretion by a trial court, we consider whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Gilbert v. Radnovich*, 171 Idaho 566, 524 P.3d 397, 403 (2023) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

### IV. ANALYSIS

Jason[1] raises two threshold issues on appeal: (1) should Elizabeth's first appeal arising from the district court's dismissal of her case with prejudice be dismissed as moot; and (2) is Elizabeth estopped from asserting that the settlement agreement is unenforceable. Before we analyze these issues, we must address a question that arose at oral argument concerning whether this Court has jurisdiction to consider Elizabeth's consolidated appeal.

**A.     This Court has jurisdiction to consider Elizabeth's consolidated appeal.**

As a threshold issue, we consider whether this Court has jurisdiction to hear Elizabeth's consolidated appeal. While the parties did not raise jurisdictional questions in their briefing, the question arose during oral argument. "[S]ubject matter jurisdiction is an issue that this Court may raise *sua sponte* at any time." *Johnson v. Blaine Cnty.,* 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009). "The timely filing of a notice of appeal is jurisdictional." *T.J.T., Inc. v. Mori*, 148 Idaho 825, 826, 230 P.3d 435, 436 (2010) (quoting *In re Universe Life Ins. Co.*, 144 Idaho 751, 755, 171 P.3d 242, 246 (2007)).

In this case, the district court entered its first judgment dismissing the matter with prejudice on November 18, 2022, and later entered two orders in January 2023, granting attorney fees to (1) Carter Dental, and (2) attorney fees and costs to Jason Carter. Elizabeth filed a notice of appeal on December 30, 2022, which she subsequently amended on January 27, 2023, in response to the district court's award of fees and costs. A few weeks later, on February 24, 2023, the district court entered an amended judgment of dismissal with prejudice that incorporated its orders for attorney fees and costs. Elizabeth filed a second amended notice of appeal on March 3, 2023.

Elizabeth filed each notice of appeal within the forty-two-days required by Idaho Appellate Rule 14(a). *See* I.A.R. 14(a) ("Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action."). As a result, this Court has jurisdiction to hear the consolidated appeal.

**B.     We hold that Elizabeth's appeal arising from the district court's judgment dismissing the case with prejudice is not moot.**

---

[1] We note that although Carter Dental appeared as a Respondent and submitted a Respondent's Brief on appeal, that brief merely incorporated by reference the argument and authority submitted by Jason in his Respondent's Brief. The only separate argument and authority submitted by Carter Dental was in support of its request for attorney fees.

Next, we evaluate Jason's argument that Elizabeth's appeal from the district court's judgment dismissing the case with prejudice is moot. While Elizabeth argues that she appealed the judgment to establish that the agreement as a whole is unenforceable, and if not, at least the noncompete clause should not be enforced, "she accepts and does not appeal the district court's dismissal of the case with prejudice." In other words, she asks us to hold that significant aspects of the settlement agreement are unenforceable but also to hold that the case remains dismissed with prejudice so Jason cannot continue litigating his claims. Jason argues that this position makes Elizabeth's first appeal moot because she does not seek to vacate the district court's judgment dismissing the case with prejudice.

"It is well-established that this Court does not decide moot cases." *Edmondson v. Finco*, 172 Idaho 421, 533 P.3d 1012, 1015 (2023) (quoting *Comm. for Rational Predator Mgmt. v. Dep't of Agric.*, 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997)). "This Court may dismiss an appeal when it appears that the case involves only a moot question." *Id.* (quoting *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). "Generally, '[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Frantz v. Osborn*, 167 Idaho 176, 180, 468 P.3d 306, 310 (2020) (alteration in original) (quoting *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009)). "An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Id.* (quoting *Farrell*, 146 Idaho at 610, 200 P.3d at 1159).

There are three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *AmeriTel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851–52, 119 P.3d 624, 626–27 (2005)).

Elizabeth's argument satisfies the first exception to the mootness doctrine. There are potential collateral consequences of the district court's order granting Jason's motion to enforce the settlement agreement, i.e., if Elizabeth fails to adhere to the terms of the settlement agreement, Jason, Carter Dental, or both, could pursue additional litigation to enforce the agreement. *See* 5 AM. JUR. 2d *Appellate Review* § 561 ("If a decision by the court below may have effects on future

events, or collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case."). Since the settlement agreement may prompt future litigation, the appeal is not moot. Thus, we proceed to evaluate the merits of the issues raised on appeal.

**C.      Elizabeth is estopped from asserting that the settlement agreement is unenforceable.**

Jason alleges that Elizabeth is estopped from arguing that the settlement agreement is unenforceable because she has not appealed the district court's dismissal of the case with prejudice. Elizabeth responds that there is nothing inconsistent with her agreeing to the bullet point terms and accepting the district court's dismissal of the case with prejudice while asserting that the terms are unenforceable. We disagree.

> Judicial estoppel is a doctrine that "precludes a party from advantageously taking one position, then subsequently seeking a second position that is incompatible with the first." *McGimpsey v. D&L Ventures, Inc.*, 165 Idaho 205, 216, 443 P.3d 219, 230 (2019) (quoting *McCallister v. Dixon*, 154 Idaho 891, 894, 303 P.3d 578, 581 (2013)).
>
> > The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings. . . . Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts . . . Because it is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion.
>
> *McKay v. Owens*, 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997) (quoting *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 601 (9th Cir. 1996)). Judicial estoppel is intended to "prevent abuse of the judicial process by deliberate shifting of positions to suit the exigencies of a particular action." *Lawrence v. Hutchinson*, 146 Idaho 892, 900, 204 P.3d 532, 540 (Ct. App. 2009) (quoting *McKay*, 130 Idaho at 153, 937 P.2d at 1227).

*Med. Recovery Servs., LLC v. Eddins*, 169 Idaho 236, 243, 494 P.3d 784, 791 (2021).

Elizabeth has admitted below and on appeal that she agreed to the bullet point terms. First, in her memorandum in opposition to the motion to enforce the settlement agreement, Elizabeth acknowledged that she "does not dispute that the parties agreed during their August 19, 2022, mediation to the 14 bullet points . . . set forth in the email stream quoted in the Memorandum in Support of Jason Carter's Motion to Enforce Settlement Agreement[.]" Second, at the hearing on the motion to enforce, the district court asked, "And as I understand it, [counsel], you are conceding

9

that Ms. Carter agreed to those 14 bullet points?" Elizabeth's attorney responded, "That's correct." Notably, the first of the fourteen bullet points states, "All claims dismissed with prejudice."

Now on appeal, Elizabeth admits that she "agreed to the Bullet Point Terms and accept[s] the district court's dismissal of the case with prejudice[,]" however, she alternatively claims that "the Bullet Point Terms are unenforceable." Elizabeth also repeatedly acknowledged during oral argument that she was not appealing the district court's dismissal with prejudice; rather, she was asking this Court to determine, independently, that the 14-point bulleted agreement was unenforceable.

"Judicial estoppel is intended to prevent a litigant from playing fast and loose with the courts." *Heinze v. Bauer*, 145 Idaho 232, 235, 178 P.3d 597, 600 (2008). It is also intended to prevent a party from taking inconsistent positions. *Herndon v. City of Sandpoint*, 172 Idaho 228, 531 P.3d 1125, 1136 (2023). Elizabeth's contention that she can retain the benefits of the final judgment dismissing the case with prejudice, while simultaneously arguing that significant portions of the 14-point bulleted agreement are unenforceable is flawed. Such a process would allow Elizabeth to benefit from the terms that advantaged her in the dismissal, while pursuing an appeal to challenge the terms that she now disfavors. We hold that Elizabeth is estopped from pursuing such a duplicitous claim on appeal.

Either the entire agreement stands, or the entire agreement falls. Elizabeth cannot embrace parts of the district court's judgment that benefit her without also accepting that the full judgment dismissed all claims. Elizabeth received $115,000 from Jason as part of the settlement agreement, her Capital One credit card was paid, and a dental malpractice insurance tail coverage policy was purchased for her. With dismissal, Elizabeth also avoided facing allegations of the underlying litigation which averred that she used nearly $500,000 in Carter Dental funds solely for her personal benefit. Elizabeth cannot accept these benefits while continuing to argue against other terms of the settlement. As noted, the first of the fourteen terms of the agreement provides that "[a]ll claims dismissed with prejudice." As a result, we hold that Elizabeth is estopped from now arguing on appeal that parts of the agreement are unenforceable.

The district court's judgment is, therefore, affirmed. We decline to address Elizabeth's arguments on appeal that contradict her decision not to appeal the dismissal with prejudice.

**D.** **The district court did not err in awarding attorney fees and costs to Jason and Carter Dental.**

10

Elizabeth raises several issues related to attorney fees in her second appeal: (1) the district court was without jurisdiction to award attorney fees to Jason and Carter Dental because one of the fourteen agreed-upon bullet points required the parties to each bear their own attorney fees; (2) Jason and Carter Dental waived their claims to attorney fees and costs by enforcing the bullet point terms of the settlement agreement; (3) the district court abused its discretion in awarding fees and costs to Jason and Carter Dental by failing to reference its consideration of the requirements of I.R.C.P. 54(e)(1); and (4) the district court improperly awarded attorney fees under Idaho Code section 12-121.

1. *Because we affirm the district court's judgment, Jason and Carter Dental remain the prevailing parties below.*

First, Elizabeth argues that, if this Court vacates the district court's order granting Jason's motion to enforce the settlement agreement, the court erred in awarding fees. Jason responds that, because Elizabeth does not appeal the dismissal of the litigation, the award of attorney fees and costs is not impacted by this Court's determination of the related appeal. As we have discussed above, the district court's judgment dismissing the case with prejudice is affirmed; thus, nothing in this opinion disturbs Jason's and Carter Dental's prevailing party status below. The award of fees below stemmed from the district court's conclusion that Jason and Carter Dental were the prevailing parties. We affirm that decision.

2. *The district court did not err in concluding Jason and Carter Dental could recover all attorney fees and costs that resulted from Elizabeth's refusal to comply with the settlement agreement.*

Elizabeth claims that the district court erred in awarding fees and costs to Jason and Carter Dental that were incurred before the entry of the order enforcing the settlement agreement. Her argument centers on the language in the fourteen bullet points that "All claims [are to be] dismissed with prejudice. Each party to bear own fees and costs." She claims that any attorney fees incurred by Jason or Carter Dental before November 4, 2022, the date of the district court's order granting Jason Carter's motion to enforce settlement agreement, are waived under the terms of the parties' agreement.

Jason counters that Elizabeth's view is myopic. Jason notes the term "bear their own fees and costs" was reached *during the mediation* on August 19, 2022. Elizabeth almost immediately questioned several terms in the settlement , arguing that additional negotiations needed to take place. Jason argues that Elizabeth overlooks that the attorney fees and costs awarded by the district

court are those caused by Elizabeth's *post-mediation* conduct that prompted filing the motion to enforce the settlement, deposing Elizabeth's initial counsel, and the briefing and argument on the motion to enforce. As Jason puts it, he

> could never have predicted the conduct that would follow from Elizabeth after entering into the settlement agreement during mediation. . . . Such a reading that the parties must bear their own fees and costs for any future litigation would encourage more frivolous conduct from Elizabeth. Elizabeth could simply comply with the settlement agreement or pursue more frivolous litigation without any recourse or threat of paying Jason's attorney fees and costs.

The district court saw the fallacy of Elizabeth's argument below when it obtained the following concession from Elizabeth's counsel during argument:

> THE COURT: So you are saying that Jason and Carter Dental could never recover attorney's fees on an enforcement action should Elizabeth have chosen to violate, say, the noncompete clause six or eight months down the road?
>
> MR. BURNS: No. I'm not saying that at all.

The district court was correct in adopting Jason's view. Nothing about the agreement reached in mediation to bear one's own attorney fees limits the ability of a non-offending party to seek attorney fees required by *future* litigation to enforce that agreement. The district court awarded attorney fees to Jason and to Carter Dental for the legal work necessitated by their efforts to enforce the agreement reached in mediation. This included preparatory legal work prior to filing the motion to enforce. The district court did not abuse its discretion in starting the clock at the point when such legal work was required–well before it entered a final order after the filing of a motion, discovery, and holding a hearing. We therefore reject Elizabeth's argument as it pertains to the scope of the district court's attorney fee award.

In a related argument, Elizabeth argues that the district court was without jurisdiction to award attorney fees and costs incurred before the entry of the contested order enforcing the settlement on November 4, 2022, because she filed her first notice of appeal before the attorney fee claims were decided. This argument also lacks merit.

Idaho Appellate Rule 13(b)(9) expressly allowed the district court to enter its order on attorney fees in this instance:

> [U]nless prohibited by order of the Supreme Court, the district court shall have the power and authority to rule upon the following motions and to take the following actions during the pendency of an appeal: . . . (9) Make any order regarding the taxing of costs or determination of attorney[ ] fees incurred in the trial of the action.

12

I.A.R. 13(b)(9).

That Elizabeth appealed before the district court entered its order awarding attorney fees does not divest the court of jurisdiction to award fees. The district court retains the authority to issue orders related to attorney fees and costs after a notice to appeal is filed. *See id.* Thus, we conclude that the district court retained jurisdiction to award attorney fees to Jason and Carter Dental.

3. *The district court did not abuse its discretion in awarding fees and costs to Jason and Carter Dental.*

Elizabeth argues that the district court abused its discretion in awarding fees and costs to Jason and Carter Dental on two additional grounds: first, the court abused its discretion because the court failed to determine the prevailing party overall, and instead awarded fees on a single claim. Second, the district court abused its discretion because it overlooked all the factors set forth under Idaho Rule of Civil Procedure 54(e)(3).

Elizabeth's argument turns on two statements the district court made in its oral ruling: (1) "there was no prevailing party in that . . . central litigation" and (2) "the Motion to Enforce is essentially separate litigation." Both statements lack important context. First, while the district court did find that the motion to enforce was separate litigation, it did so in response to counsel for Elizabeth arguing that Jason and Carter Dental were not entitled to fees for enforcing the settlement. As the district court noted,

> the Motion to Enforce is essentially a separate litigation. The primary litigation was concluded at the moment of settlement, and I agree that the terms and conditions of that bind everyone – everyone absorbs their own attorneys' fees and costs up to that time.

> I disagree that when Elizabeth takes actions that require Jason and Carter Dental to litigate further to enforce that agreement, that that provision precludes them from seeking attorneys' fees for that additional litigation.

The district court also acknowledged, as Elizabeth suggests, that there was no prevailing party in the litigation up to the time of settlement, but the court expanded its thought:

> I think that Elizabeth's arguments mistakenly focus on the initial action, and those claims were made moot by the subsequent settlement agreement. It's correct that there was no prevailing party in that litigation, in that central litigation, but that same analysis doesn't apply to the Motion to Enforce the Settlement.

13

The district court found that Jason and Carter Dental were the prevailing parties in the action to enforce the settlement agreement. Elizabeth's claim to the contrary is incorrect; Jason and Carter Dental clearly prevailed in the enforcement action.

Turning to the district court's analysis of factors under Idaho Rule of Civil Procedure 54(e)(3), this Court recently evaluated whether a district court must explain how it evaluated the Rule 54(e)(3) factors in determining an award of attorney fees:

> Attorney fees are a discretionary matter for the trial court and are reviewed under an abuse of discretion standard. Before a court may determine whether claimed attorney fees are reasonable, it must have enough information to properly consider the factors of Rule 54(e)(3). Some information may come from the court's own knowledge and experience, some may come from the record of the case, but some obviously can only be supplied by the attorney of the party who is requesting the fee award. Although a trial court is not required to make specific findings demonstrating how it employed any of the factors in Rule 54(e)(3), it is required to consider those factors when determining the amount of the fees to award.

*Bronco Elite Arts & Athletics, LLC v. 106 Garden City*, LLC, 172 Idaho 506, ___, 534 P.3d 558, 578–79 (2023) (internal citations and quotations omitted).

In their motions for attorney fees, Jason and Carter Dental separately addressed the Rule 54(e)(3) factors in detail. The district court acknowledged the affidavits from the attorneys and the billing statements in its oral ruling:

> With respect to the amount of fees - - as I said, I think that Carter Dental and Jason are entitled to those fees expended for the Motion to Enforce Judgment. So with respect to the affidavit of [Carter Dental's counsel] and the billing statement that is attached as Exhibit A to that, it appears to me that all of the narratives describing those fees are reasonably related to the Motion to Enforce Settlement. I am inclined to award those fees as requested in the amount of $9,400.

> With respect to [counsel for Jason's] affidavit - - given the redactions and the descriptions that I see in the descriptions of what the fees were assigned for, I have a little more difficulty finding those directly related, finding all of them directly related to the Motion to Enforce Settlement.

The district court addressed several dates from the billing statements to identify certain entries that the court found were unrelated to the motion to enforce the settlement. As the court recognized, "I don't know what the entry on November 7th relates to, so I'm going to order that be excluded as I will November 8."; "With respect to -- those are Mr. Howell's time entries. With respect to Mr. Liebertz time entries, it appears to me that all of those are related to the Motion to Enforce Settlement, and I would not order any of those excluded."

14

From the district court's oral findings, there is nothing to suggest that the court did not consider the Rule 54(e)(3) factors as stated in counsels' affidavits. Indeed, the court's ruling demonstrates that it considered each entry and excluded some that did not meet all the Rule 54(e)(3) factors. As a result, the district court did not abuse its discretion in awarding fees and costs to Jason and Carter Dental. Thus, the district court's decision to award attorney fees below is affirmed.

**E.      Jason and Carter Dental are entitled to attorney fees and costs on appeal.**

Elizabeth, Jason, and Carter Dental all request attorney fees on appeal. Elizabeth argues that, because the district court, Jason, and Carter's Dental acknowledge this case involves a commercial transaction under Idaho Code section 12-120(3), Elizabeth is entitled to attorney fees. Jason and Carter Dental request fees and costs under Idaho Appellate Rules 40 and 41 and Idaho Code sections 12-120(3) and 12-121.

Because we affirm the district court's decision on the merits and its award of attorney fees pursuant to Idaho Code section 12-120(3), Jason and Carter Dental are the prevailing parties on appeal. Therefore, we likewise award attorney fees to both under the same statutory authority.

> When a party prevails at both trial and on appeal, and that party received an award of attorney fees under Idaho Code section 12-120(3) at the trial level and the award is affirmed on appeal, that party is also entitled to an award of attorney fees for the appeal pursuant to Idaho Code section 12-120(3).

*Idaho Transp. Dept. v. Ascorp, Inc.*, 159 Idaho 138, 142, 357 P.3d 863, 867 (2015) (citing *Freiburger v. J-U-B Engineers, Inc.*, 141 Idaho 415, 422, 111 P.3d 100, 107 (2005)). Because we award fees under Idaho Code section 12-120(3), we need not address whether such an award may also be made under section 12-121. *See id.*

## V. CONCLUSION

For the reasons articulated above, the district court's judgments are affirmed. Jason and Carter Dental are entitled to attorney fees and costs on appeal.

Justices BRODY, MOELLER, ZAHN, and MEYER, CONCUR.